Argued and submitted December 7, 1993, reversed and remanded for .
reconsideration February 2, 1994

In the Matter of the Compensation of
Gordon P. Kight, Claimant.

## GEORGIA-PACIFIC CORPORATION,
*Petitioner,*

*v.*

Gordon P. KIGHT,
*Respondent.*

(91-09579; CA A79871)

868 P2d 36

Jerry K. Brown argued the cause for petitioner. With him on the brief was Cummins, Brown, Goodman, Fish & Peterson, P.C.

James L. Edmunson argued the cause for respondent. On the brief were Edward J. Harri and Malagon, Moore, Johnson, Jensen & Correll.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Employer seeks review of the Workers' Compensation Board's order holding that claimant's occupational disease claim is compensable. We reverse and remand.

Claimant filed an occupational disease claim, which employer denied on July 26, 1991. Claimant sought a hearing, and the case went to hearing on October 17, 1991. When the hearing was convened, claimant requested a continuance to depose his treating physician, Dr. Bert. Claimant represented to the referee that it was not possible to provide the witness live and that the deposition could not be scheduled on fewer than six weeks' notice. Employer objected to the continuance, arguing that claimant was not entitled to the continuance, because he had not shown due diligence. The referee found that the practice in the area is not to subpoena practitioners when a deposition may be taken, and that "it is not unusual" for six to eight weeks to be required to schedule a deposition. In the light of the fact that the hearing had been set rather quickly following the July 26 denial, the referee concluded that claimant had shown due diligence and was entitled to a continuance.

Claimant took the deposition of Bert, and it was accepted into evidence over employer's objections. The referee then concluded that claimant's total work exposure was the major contributing cause of his disability and need for treatment, and the Board affirmed, awarding attorney fees to claimant.

Employer raises several assignments of error, the first of which is that the Board erred in permitting the continuance and admitting evidence of the deposition of Bert. Because it is dispositive, we address only the first assignment.

■■ We will reverse the Board's decision to grant claimant's request for a continuance if the Board acted outside the range of discretion delegated to it by law or if it acted inconsistently with its own rules, because those rules are as binding on the agency as if the legislature itself had enacted them. ORS 656.298(6); ORS 183.482(8)(b); *Bronson v. Moonen*, 270 Or 469, 476, 528 P2d 82 (1974); *Harsh Investment Corp. v. State Housing Division*, 88 Or App 151, 157, 744 P2d 588 (1987), *rev den* 305 Or 273 (1988).

OAR 438-06-091, the Board's rule governing continuances, provides:

"The parties shall be prepared to present all of their evidence at the scheduled hearing. Continuances are disfavored. The referee may continue a hearing for further proceedings:

"(1)  If the time allocated for the scheduled hearing is insufficient to allow all parties to present their evidence and argument;

"(2)  Upon a showing of due diligence if necessary to afford reasonable opportunity to cross-examine on documentary medical or vocational evidence;

"(3)  Upon a showing of due diligence if necessary to afford reasonable opportunity for the party bearing the burden of proof to obtain and present final rebuttal evidence or for any party to respond to an issue raised for the first time at a hearing; or

"(4)  For any reason that would justify postponement of a scheduled hearing under 438-06-081.

"The Referee shall state the specific reason for the continuance."

OAR 438-06-081, in turn, provides that hearings

"shall not be postponed except by order of a referee upon a finding of extraordinary circumstances beyond the control of the party requesting the postponement."

The same rule provides that "extraordinary circumstances" shall not include:

"(2)  Unavailability of a party, witness or representative due to * * * occupational, personal or professional or business appointments, or unwillingness to appear, provided that a postponement may be granted if the unavailable person * * * is a person who has been duly subpoenaed and has failed to comply with the subpoena.

"* * * * *

"(4)  Incomplete case preparation, unless the referee finds that completion of the record could not be accomplished with due diligence."

Claimant argues that the continuance was properly granted under OAR 438-06-081(4), because the referee found

that completion of the record could not have been accomplished with due diligence. The rule, however, provides for postponement of the hearing only "upon a finding of extraordinary circumstances" beyond claimant's control. OAR 438-06-081. In this case, the referee made no findings of "extraordinary circumstances" beyond claimant's control. The only finding is that Bert apparently was unavailable on less than six weeks' notice. The Board's rules expressly provide that the unavailability of a witness is not an "extraordinary circumstance," unless the witness has failed to appear after having been duly subpoenaed. Claimant concedes that he made no attempt to subpoena Bert. Under the circumstances, we conclude that the Board abused its discretion in affirming the referee's decision to grant a continuance without first making the findings that its rules require, and in admitting the deposition of Bert following the continuance.

Reversed and remanded for reconsideration.