Argued and submitted July 17, 1998, reversed and remanded for reconsideration May 19, 1999

In the Matter of the Compensation of
Diane H. Kurcin, Claimant.

SAIF CORPORATION
and Oregon Health Sciences University,
*Petitioners,*

*v.*

Diane H. KURCIN,
*Respondent.*

(96-03838; CA A98272)

981 P2d 1277

Julene M. Quinn argued the cause for petitioners. On the brief was Michael O. Whitty.

Edward J. Harri argued the cause for respondent. With him on the brief was Martin L. Alvey.

Before Landau, Presiding Judge, and Deits, Chief Judge,* and Wollheim, Judge.

LANDAU, P. J.

Wollheim, J., dissenting.

---

* Deits, C. J., *vice* Riggs, J., resigned.

## LANDAU, P. J.

Employer seeks review of an order of the Workers' Compensation Board (Board) reversing employer's denial of the compensability of claimant's claim. Employer contends that the Board erred in granting claimant a continuance of the hearing without requiring claimant to show due diligence and the necessity of the continuance. We agree with employer and reverse and remand for reconsideration.

The relevant facts are not in dispute. Claimant filed a claim for a herniated disc, which employer denied. Claimant requested a hearing. Well before the hearing, employer notified claimant that its medical expert would testify and employer provided claimant with a copy of the expert's complete medical report. On the day of the hearing, claimant requested a continuance to prepare rebuttal testimony to the testimony of employer's expert. Claimant cited a single ground for the continuance, namely, that, as the party with the burden of proof, she was entitled to present the last evidence:

> "Your honor, we have one more matter to take up prior to testimony, and that is if Dr. Gambee, in fact, testifies today, I would like the record left open to have a transcript submitted to the attending physician, Dr. Calhoun, for him to review and comment on. That is pursuant to Administrative Rule 438-007-[0]023, which states the party bearing the burden of proof has the right to present the last evidence. And, in this case, I will not have the opportunity to present the last evidence because Dr. Gambee will be the last evidence regarding compensability. So, based upon that rule on the fundamental fairness of Workers' Compensation, we ask to have Dr. Calhoun comment on Dr. Gambee's testimony."

Employer objected on the ground that it had informed claimant of its intention to call its expert four weeks before the hearing. Employer argued that it was incumbent upon claimant to explain why she could not have requested the continuance earlier. Claimant's only response was that:

> "It may well be that after I hear Dr. Gambee testify that I don't need to exercise that right. I, at least, want to have the opportunity."

Claimant offered no explanation why the advance copy of the expert's medical report did not afford her a reasonable opportunity to prepare her for cross-examination or rebuttal.

The administrative law judge (ALJ) agreed with claimant. He stated as the reason for permitting claimant a continuance the rule that claimant "has the last opportunity to rebut." According to the ALJ, claimants always are entitled to a continuance to rebut, because "if [s]he hasn't heard the testimony, [s]he can't rebut it." The ALJ did not specifically find that claimant had acted with due diligence. When pressed by employer on the point, the ALJ at one point stated that he did not know whether claimant had exercised due diligence and at another point stated that he was *not* finding that claimant was *not* diligent. Nor did the ALJ address why, in view of the disclosure of employer's expert's medical report in advance of the hearing, a continuance was necessary to afford claimant a reasonable opportunity to prepare rebuttal.

The Board affirmed on the ground that the ALJ had made a finding of due diligence and necessity and that he had not abused his discretion in doing so. It is that ruling that employer challenges. According to employer, applicable administrative rules require a showing of due diligence and a demonstration that a continuance is necessary to afford a reasonable opportunity to prepare rebuttal evidence. In this case, employer contends, claimant made no such showing. Claimant argues that such a showing is not required. She argues that, as the party bearing the burden of proof, she always has the right to present rebuttal:

> "Given that the party carrying the burden of proof has the opportunity for the last presentation of the evidence, pursuant to the administrative rule, requesting the right to rebut represented due diligence. OAR 438-007-0023."

According to claimant, merely requesting the continuance entitled her to the continuance.

■■ Whether to grant a continuance is a matter committed to the discretion of the Board. That discretion, however, is not without limit. In reviewing the Board's decision, therefore, we apply the following standard:

"We will reverse the Board's decision to grant claimant's request for a continuance if the Board acted outside the range of discretion delegated to it by law or if it acted inconsistently with its own rules, because those rules are as binding on the agency as if the legislature itself had enacted them."

*Georgia-Pacific Corp. v. Kight*, 126 Or App 244, 246, 868 P2d 36 (1994).

OAR 438-006-0091 provides that "[c]ontinuances are disfavored." It further provides that "[u]pon a showing of due diligence" a claimant may obtain a continuance

"if necessary to afford reasonable opportunity for the party bearing the burden of proof to obtain and present final rebuttal evidence or for any party to respond to an issue raised for the first time at a hearing."

OAR 438-006-0091(3).

■       By the terms of the applicable rules, to obtain a continuance, a claimant must establish "due diligence" and the necessity of the continuance "to afford a reasonable opportunity * * * [to] present final rebuttal evidence." *Id.* In this case, claimant made no such showing. Her contention was that she did not need to make the showing, because, as the party bearing the burden of proof, she always has the right to put in the proverbial last word. Claimant's argument, of course, is a *non sequitur*. It simply does not follow that, because one has the right to rebut, one also has the right to a continuance.

Claimant and the dissent contend that she could not have shown necessity at the hearing, because she had not yet heard the expert's testimony. The argument fails to account for the fact that employer, in accordance with applicable Board rules, disclosed both the identity of the expert and the full text of the medical report before the hearing.

Claimant and the dissent insist—for the first time on review—that the continuance was necessary, because there was a risk that the expert would change his testimony. That, however, is a risk in any case. The rules, moreover, contemplate just that problem. If a claimant reasonably is surprised by a change in an expert's testimony, then the claimant will have little difficulty establishing his or her need for a

continuance at that time. OAR 438-006-0091(3) expressly provides for a continuance to respond to an issue raised for the first time at a hearing.

The dissent suggests that the continuance also was justified by considerations of substantial justice, including in particular, the financial hardship involved in requiring claimants to bring expensive experts to hearing. No one in this case, however, has suggested that claimant suffered a financial hardship, that financial hardship was the basis for the continuance request, or that the ALJ relied on financial hardship as a basis for the continuance. Considerations of financial hardship, therefore, are beside the point. The ALJ's decision must be reviewed on the basis of the decision that he made, not on the basis of a decision that he might have made.

Moreover, no one has argued that claimants always must bring an expensive expert to hearing, or that claimant in this case was required to do so. As we have explained, the rules are designed to avoid just that problem. They require employers to provide advance notice of their expert testimony. The point of those rules is to enable claimants to evaluate in advance of the hearing whether they will be required to retain an expert for rebuttal purposes. If the testimony at hearing turns out to be different from what the employers advertised, the rules make clear that claimants *then* will have grounds for a continuance to prepare appropriate rebuttal. There is no danger of requiring claimants to incur unreasonable expenses. The dissent's complaint thus amounts to the pummeling of a straw man.

We conclude that claimant made no showing of diligence or necessity, which OAR 438-006-0091(3) requires as a predicate to obtaining a continuance. The Board therefore erred in upholding the ALJ's decision to allow the continuance.

Reversed and remanded for reconsideration.

**WOLLHEIM, J.,** dissenting.

The essence of the dispute in this case is whether a showing of "due diligence" required claimant to pay for and compel the attendance of an expert witness at hearing. Although the majority's opinion does not explicitly state that

requirement, its decision accepts the rationale underlying such a conclusion, and I write to elucidate the errors in that rationale.

I add to the facts as stated by the majority only that claimant sought a continuance to allow her treating physician, Dr. Calhoun, to prepare a *written report* in rebuttal to live testimony by SAIF's expert, Dr. Gambee, and that SAIF had the opportunity to cross-examine Calhoun at its own expense, if it so desired. SAIF argues that to rebut SAIF's expert required the treating neurosurgeon to sit through the hearing to determine if the neurosurgeon's rebuttal testimony was necessary.

SAIF arrives at that conclusion by selectively construing two rules together. The first rule is OAR 438-006-0091, which states that "[c]ontinuances are disfavored" but nevertheless commits to the administrative law judge's (ALJ) discretion the ability to grant a continuance

"[u]pon a showing of due diligence if necessary to afford reasonable opportunity for the party bearing the burden of proof to obtain and present final rebuttal evidence or for any party to respond to an issue raised for the first time at a hearing[.]"

The second rule is OAR 438-007-0016, which requires parties to disclose prior to hearing the identity of expert witnesses to be called at hearing. SAIF argues that allowing claimant to continue the hearing for expert rebuttal evidence without fulfilling that notice requirement obviates the policy that the parties "shall be prepared to present all of their evidence at the scheduled hearing." OAR 438-006-0091. Thus, according to SAIF, claimant did not establish due diligence.

That argument is incorrect. Nothing in the workers' compensation statutes or administrative rules requires coupling the rules in that manner. Instead, OAR 438-007-0016 permits the ALJ, "in his or her discretion, [to] allow the testimony of expert witnesses not disclosed as required by this rule," taking into consideration the reasons for, and any prejudice caused by, the failure to provide notice. The notice

requirement therefore is not rigid but rather admits flexibility in order to effect "substantial justice," which *is* the "overriding principle" of the claim adjudication proceedings. OAR 438-005-0035. Substantial justice allows an ALJ to deviate from "common law or statutory rules of evidence [as well as] * * * technical or formal rules of procedure" in conducting hearings. ORS 656.283(7). Furthermore, OAR 438-005-0035 *requires* the ALJ or Board to consider "the relative financial hardship of the parties" in determining whether continuance of a hearing is warranted.[1] The touchstone of due diligence is substantial justice and not whether claimant gave timely notice of her expert's appearance at hearing.

I believe the majority's analysis is selective. Without any discussion, the majority explains that claimant's mere request of her right under OAR 438-007-0023[2] to present rebuttal evidence does not *show* due diligence. The issue of the necessity of a continuance to prepare rebuttal evidence, OAR 438-006-0091(3), appears more important to the majority than due diligence. That significance reveals the underlying motive driving the majority's analysis. The majority finds that claimant did not establish that a continuance was necessary to prepare the rebuttal evidence because claimant had Gambee's report in advance of hearing. Further, claimant could have had her expert prepare any rebuttal testimony from Gambee's report. The majority is primarily focused on the fact that claimant did not obtain the presence of her treating physician at hearing rather than on the ALJ's considerations of "substantial justice" in determining whether a continuance was, in his discretion, warranted.

I believe that the ALJ correctly concluded that claimant established a need for the continuance. I think it is within the ALJ's purview to consider that, because SAIF called Gambee to testify rather than rely on his written report, it indicated that Gambee's testimony would differ

---

[1] It should be noted that when the injured worker brings an expert to hearing the injured worker pays the expert. When the self-insured employer or insurer demands cross-examination of the injured worker's expert, it must pay the cost of the expert's cross-examination.

[2] OAR 438-007-0023 provides that "[t]he party bearing the burden of proof on an issue in a hearing has the right of first and last presentation of evidence and argument on the issue."

from his written opinion. This was a battle between two *expert* witnesses on a complex issue of medical causation. The ALJ could have concluded that, if Gambee's testimony would have been different from his report, then time was needed for claimant's expert to rebut and respond to Gambee's testimony. Therefore, the ALJ properly determined that substantial justice necessitated a continuance to prepare rebuttal expert evidence.[3]

The Board correctly noted the ALJ's conclusion that claimant had shown due diligence in her request for a continuance. While the majority relies on the fact that the ALJ expressly failed to articulate a finding of due diligence, the ALJ implicitly found that claimant exercised due diligence in concluding that the continuance was warranted.[4] The failure to expressly articulate a finding of due diligence is not fatal because we review whether, as a matter of law, the facts would support findings consistent with the ALJ's ultimate conclusion. In deciding whether a continuance was warranted, the ALJ was required to look at the financial burden on the claimant. OAR 438-005-0035. The ALJ found substantial justice weighed in favor of the continuance due, in part, to the financial burden on claimant to require the presence of her neurosurgeon at hearing.[5] Thus, due diligence did not require the presence of the expert witness at hearing.

The ALJ had additional factors by which to weigh whether claimant's request was diligent. First, SAIF knew its expert would likely add evidence to that contained in his report. SAIF also knew that claimant, as the party with the burden of proof, had the right to present the first and last evidence. Thus, SAIF could have reasonably expected that claimant would want to present rebuttal evidence and would need time to do so, given the expert nature of the evidence. Second, claimant requested the continuance at the beginning

---

[3] Support for that conclusion can be found in the ALJ's statement that "[claimant] has the last opportunity to rebut, and it seems to me if [claimant] hasn't heard the testimony, [she] can't rebut it. I'm going to hold the record open * * *."

[4] Neither SAIF nor the majority disputes the fact that the question of whether claimant was duly diligent was expressly raised for the ALJ's consideration in determining whether the continuance was warranted.

[5] The ALJ explained that "[i]t would be ludicrous to bring somebody in here to rebut something that he doesn't even know what it is."

of the hearing, giving SAIF notice of the continuance. Importantly, claimant requested an opportunity to submit written rebuttal testimony. That is consistent with OAR 438-007-0005, which favors written testimony over live testimony. Finally, SAIF was free to cross-examine Calhoun, if it desired to do so. This is simply not a situation where SAIF was denied fundamental fairness by claimant's request for a continuance.

Given the financial hardship on claimant to require the presence of her expert witness at hearing, the timing of the continuance request, the nature and form of both experts' evidence, the lack of surprise or likely prejudice to SAIF from the request, and the strong policy allowing the party with the burden of proof to present the last evidence, I conclude, as a matter of law, that claimant's request showed due diligence. Further, the ALJ did not abuse his discretion in concluding that the continuance was warranted to achieve substantial justice.

I dissent.