Argued and submitted June 18, reversed and remanded for reconsideration
November 3, 1999

## In the Matter of the Compensation of
## Iris K. Scott, Claimant.

## DESCHUTES COUNTY,
*Petitioner,*

*v.*

## Iris K. SCOTT,
*Respondent.*

## (97-10026; CA A104728)

988 P2d 449

Brad G. Garber argued the cause for petitioner. With him on the brief was Meyers, Radler, Replogle, Roberts & Miller.

Janet H. Breyer argued the cause for respondent. With her on the brief were Philip H. Garrow and Philip H. Garrow, Attorneys at Law.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Employer seeks review of an order of the Workers' Compensation Board awarding claimant scheduled permanent partial disability benefits. Employer contends that the board erred in finding that employer failed to file a timely request for reconsideration of the Determination Order awarding the disability benefits. We agree and reverse and remand for reconsideration.

The relevant facts are not disputed. Claimant developed compensable carpal tunnel syndrome. Her claim was accepted, treated, and ultimately closed by a July 14, 1997, Determination Order awarding her permanent partial disability benefits. On September 9, 1997, employer sent a letter to the Department of Consumer and Business Services Benefit Consultation Unit (BCU) stating that "we are requesting reconsideration of the Determination Order." On September 30, 1997, employer filed a second reconsideration request with the Department of Consumer and Business Services Appellate Review Unit (ARU), labeled as such and containing, among other things, claimant's name, social security number, and other identifying information. Claimant filed a "cross-request" for reconsideration, which, among other things, challenged the timeliness of employer's reconsideration request.

The ARU issued an Order on Reconsideration reducing claimant's award. The order did not address the timeliness of employer's request for reconsideration. Claimant requested a hearing on that order.

The administrative law judge (ALJ) vacated the Order on Reconsideration on the ground that employer had failed to file a timely request for reconsideration. The ALJ concluded that the September 30 request was untimely because it was sent more than 60 days after the issuance of the Determination Order and that the September 9 letter sent to the BCU was inadequate because it did not contain all of the information required by rule to be contained in a valid reconsideration request. The ALJ further found that the letter actually was not intended to act as a reconsideration

request, only a notice of employer's intention to file such a request some time in the future.

Employer appealed the ALJ's decision. The board affirmed, but in doing so it declined to review the ALJ's conclusion that the September 9 letter to BCU was legally insufficient and adopted instead what it characterized as the ALJ's "alternative reasoning" that the letter was never intended to constitute a request for reconsideration.

■ On review, employer contends that the board erred in rejecting its September 9 letter on the ground that it was not intended to be a request for reconsideration. According to employer, the applicable administrative rules contain the requirements for a valid request for reconsideration, and an employer's intent is not among the listed requirements. Claimant acknowledges that an employer's intent is not among the requirements listed in the administrative rule, but argues that "the board did not add an 'intent' requirement to the reconsideration request procedures. Instead, the board looked to employer's 'intent' with respect to the September 9 letter as an analytic tool." In any event, claimant argues, the September 9 letter did not comply with the requirements of the rule.

ORS 656.268(5)(b) provides that a party seeking review of a Determination Order must request reconsideration within 60 days of the date of the Determination Order. What constitutes a valid request for reconsideration is defined by administrative rule. OAR 436-030-0125 provides that a valid request for reconsideration must contain, among other things, the worker's name, WCD file number, and date of injury. The rule also requires that the request be labeled in bold print "REQUEST FOR RECONSIDERATION" and that it include a signed certification stating that the party has supplied copies of the request along with supporting documentation to all other interested parties.

■■ An agency must follow its own rules. *Aetna Casualty & Surety Co. v. Sue A. Blanton, D.C.*, 139 Or App 283, 287, 911 P2d 363 (1996). Although we will defer to an agency's plausible construction of its own rules, we may not permit an agency to read into its rules requirements that are inconsistent with their wording, their context, or any other source of

law. *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994).

In this case, the applicable administrative rules set forth the requirements for a valid reconsideration request. The board found it unnecessary to review the ALJ's conclusion that employer's September 9 letter to BCU did not satisfy those requirements. Instead, the board found that, regardless of whether the letter satisfied the formal requirements of the administrative rule, it must be rejected because it was not intended to be a reconsideration request. In so finding, the board erred. OAR 436-030-0125 says nothing about the intentions of the individual submitting a reconsideration request, and nothing in the language of the rule can be read implicitly to permit the board to add such a requirement. Either the requirements of the rule have been satisfied or not. On remand, the board must determine which is the case, without reference to employer's intentions.

Reversed and remanded for reconsideration.