Argued and submitted November 2, 2000, decision of Court of Appeals reversed
and order of Workers' Compensation Board affirmed July 25, 2002

In the Matter of the Compensation of
Diane H. Kurcin, Claimant.
SAIF CORPORATION
and Oregon Health Sciences University,
*Petitioners / Respondents on Review,*

*v.*

Diane H. KURCIN,
*Respondent / Petitioner on Review.*
(WCB 96-03838; CA A98272; SC S46750)
50 P3d 1167

Edward J. Harri, Salem, argued the cause and filed the petition for respondent/petitioner on review. With him on the briefs was Martin L. Alvey, Portland.

Julene Quinn, Salem, argued the cause and filed the response for petitioners/respondents on review.

Before Carson, Chief Justice, and Gillette, Durham, Leeson, and Riggs, Justices.**

DURHAM, J.

** Van Hoomissen, J., retired December 31, 2000, and did not participate in this decision. Kulongoski, J., resigned June 14, 2001, and did not participate in this decision. De Muniz and Balmer, JJ., did not participate in the consideration or decision of this case.

## DURHAM, J.

In this workers' compensation proceeding, the issue is whether the Workers' Compensation Board (Board) correctly decided that the Board's administrative law judge (ALJ) permissibly exercised his discretion in granting a continuance of a hearing. The ALJ's decision held the hearing record open, after completion of the testimony of insurer's expert, to receive the written rebuttal testimony of claimant's expert. After receiving and considering that additional evidence, the ALJ set aside insurer's denial of claimant's claim. On review, the Board determined that the ALJ did not abuse his discretion in granting the continuance and affirmed the ALJ's order. The Court of Appeals reversed, concluding that claimant had failed to demonstrate that she was entitled to a continuance because she had not shown the requisite due diligence of the necessity of a continuance. *SAIF v. Kurcin*, 160 Or App 489, 494, 981 P2d 1277 (1999). We allowed claimant's petition for review. We reverse the decision of the Court of Appeals and affirm the Board's order.

The parties do not dispute the relevant facts. Claimant filed a claim for workers' compensation for a herniated disc. Insurer denied the claim, and claimant requested a hearing. Before the hearing, insurer notified claimant that its medical expert would testify and provided claimant with a copy of the expert's medical reports. At the outset of the hearing, claimant's attorney stated that, after employer's expert had given his anticipated testimony, claimant might request a continuance so that her expert could review and rebut insurer's expert's testimony. In support of that position, claimant argued that, under the Board's administrative rules, claimant had the right to present the final evidence because she has the burden of proof. Insurer objected, arguing that claimant should explain why she previously had not requested the continuance because, four weeks before the hearing, insurer had informed claimant that it intended to call its expert. Insurer also had provided claimant, before the hearing, with copies of the expert's two medical reports. Claimant's attorney responded: "It may well be that after I hear [insurer's expert] testify that I don't need to exercise that right. I, at least, want to have the opportunity." The ALJ

stated, in reference to the Board's rules, that claimant "has the last opportunity to rebut" and added that, if "[s]he hasn't heard the testimony, [s]he can't rebut it."

■ The last evidence submitted during the hearing was the testimony of insurer's expert. At the close of that testimony, claimant notified the ALJ that she would "exercis[e] [her] right to have [her expert] provide rebuttal evidence" and agreed that insurer would have an opportunity, if it wished, to cross-examine claimant's expert. The ALJ held the record open and received the rebuttal report into evidence at a later date. As noted above, the Board, on review, held that the ALJ had not abused his discretion in granting a continuance.

■ ORS 656.298(7) provides that judicial review of an order of the Board "shall be as provided in ORS 183.482(7) and (8)."[1] The issue in this case concerns the Board's interpretation and application of the administrative rules that pertain to the evidentiary hearing that took place before the ALJ. We begin by setting out the relevant statutes and rules.

ORS 656.726(5) provides, in part:

"The board may make and declare all rules which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings and exercising its authority under ORS 656.278. The board shall adopt standards governing the format and timing of

---

[1] ORS 183.482(8) provides, in part:

"(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision."

the evidence. The standards shall be uniformly followed by all Administrative Law Judges and practitioners. * * *"

ORS 656.283(7) provides, in part:

"Except as otherwise provided in this section and rules of procedure established by the board, the Administrative Law Judge is not bound by common law or statutory rules of evidence or by technical or formal rules of procedure, and may conduct the hearing in any manner that will achieve substantial justice. * * *"

Under the authority granted in ORS 656.726(5), the Board has promulgated administrative rules that govern hearing procedures and the admission of evidence. OAR 438-007-0023 provides:

"The party bearing the burden of proof on an issue in a hearing has the right of first and last presentation of evidence and argument on the issue."

OAR 438-006-0091 provides:

"The parties shall be prepared to present all of their evidence at the scheduled hearing. Continuances are disfavored. *The Administrative Law Judge may continue a hearing for further proceedings. The Administrative Law Judge shall state the specific reason for the continuance*:

"(1)  If the time allocated for the scheduled hearing is insufficient to allow all parties to present their evidence and argument;

"(2)  Upon a showing of due diligence if necessary to afford reasonable opportunity to cross-examine on documentary medical or vocational evidence;

"(3)  *Upon a showing of due diligence if necessary to afford reasonable opportunity for the party bearing the burden of proof to obtain and present final rebuttal evidence* or for any party to respond to an issue raised for the first time at a hearing; or

"(4)  For any reason that would justify postponement of a scheduled hearing under OAR 438-006-0081."

(Emphasis added.)

Insurer argues that the ALJ violated the Board's rules regarding a continuance. According to insurer, OAR

438-006-0091(3) grants the ALJ discretion to continue the hearing, but only if the ALJ first makes findings, from evidence in the record, that claimant has shown due diligence and that a continuance is necessary. Insurer contends that claimant did not demonstrate that she exercised due diligence or needed a continuance and that the ALJ made no findings on those factual issues.

The parties' disagreement concerns the propriety of the ALJ's decision to continue the hearing. However, this is a judicial review proceeding under ORS 656.298, and that statute subjects the order of *the Board,* not the ALJ, to judicial review. Therefore, the logical starting point for our analysis is the Board's order.

The Board determined that OAR 438-006-0091(3) granted discretion to the ALJ to continue the hearing and that the Board must review the ALJ's decision to continue the hearing for abuse of discretion. The Board stated the following reasons for concluding that the ALJ had not abused his discretion in allowing claimant's request to continue the hearing:

> "At hearing, counsel for SAIF objected to claimant's request for a continuance in order for claimant's [expert and] treating physician, Dr. Calhoun, to review the expert testimony at hearing provided by [insurer's expert] Dr. Gambee. The ALJ found that claimant had exercised due diligence, and that it would not have been possible for claimant to have known the substance of Dr. Gambee's testimony prior to hearing. The ALJ further noted that claimant had the right to produce final rebuttal evidence. Finally, there was no opposition to SAIF's request to cross-examine Dr. Calhoun.

> "Under the circumstances, we conclude that it was not an abuse of discretion for the ALJ to continue the hearing in order for claimant to obtain final rebuttal evidence from Dr. Calhoun. Although SAIF argues, on review, that claimant should have been able to anticipate the substance of Dr. Gambee's testimony and to provide rebuttal evidence without leaving the record open, we find such an argument to be speculative. Accordingly, we conclude that the ALJ did not abuse his discretion by granting claimant's motion for a continuance."

The Board's explanation for its decision demonstrates that the Board reviewed the ALJ's exercise of discretion as if the Board were an appellate court reviewing a discretionary decision by a lower court. The Board did not purport to review *de novo* the facts on which the ALJ relied in making his decision or claim authority to do so. The Board did not announce what choice the Board would have made if the Board itself had faced the question whether to continue the hearing on the basis of the facts found by the ALJ. No party contests the right of the Board to proceed in that manner. Because the Board did not purport to exercise discretion of its own, ORS 183.482(8)(b), which describes this court's standard of review regarding an "agency's exercise of discretion[,]" does not state the standard of review that applies here. Instead, ORS 183.482(8)(a), under which this court reviews the Board's order to determine whether "the agency has erroneously interpreted a provision of law[,]" states the standard of review that applies here.

In enacting ORS 656.726(5), the legislature delegated to the Board the authority to adopt administrative rules regarding the procedures and standards for continuing hearings to receive further evidence. The Board exercised that authority by adopting OAR 438-006-0091 and OAR 438-007-0023. OAR 438-006-0091 provides, in part: "The Administrative Law Judge may continue a hearing for further proceedings." That is a classic grant of discretion to the ALJ. The Board thus did not erroneously interpret a provision of law in concluding that, under the rule, the decision to continue a hearing for further proceedings is committed to the discretion of the ALJ.

■    The parties' arguments center on the meaning and effect of the next sentence in OAR 438-006-0091 and, particularly, its third subsection. For ease of reference, we again set out that rule in part:

"The [ALJ] shall state the specific reason for the continuance:

"* * * * *

"(3)   Upon a showing of due diligence if necessary to afford reasonable opportunity for the party bearing the burden of proof to obtain and present final rebuttal evidence or

for any party to respond to an issue raised for the first time at a hearing[.]"

Our objective in construing an administrative rule is to "ascertain the intent of the body that promulgated it." *Osborn v. PSRB*, 325 Or 135, 145, 934 P2d 391 (1997). As is the case with the interpretation of statutes, we begin by examining the words of the rule and the context in which they appear. *Id.* at 145-46.

OAR 438-006-0091 commands the ALJ to "state the specific reason for the continuance." The four subsections that follow that command set out the universe of reasons on which an ALJ may rely in exercising discretion to grant a continuance. As noted, the record is clear that the ALJ relied on the reason described in subsection (3) regarding the presentation of final rebuttal evidence.

Contrary to insurer's argument, subsection (3) does not obligate the ALJ, either expressly or by implication, to enter findings of fact on the record about whether claimant satisfied the criteria stated in subsection (3). When read together, subsection (3) and the prefatory wording that precedes that subsection obligate the ALJ only to *state* one of the listed grounds for a continuance if, in the opinion of the ALJ, the record satisfies that ground. If the ALJ, acting under a delegation of discretion, grants a continuance on the basis of subsection (3), then the question before the Board on review is whether the record supports the ALJ's discretionary choice to grant a continuance. If the record would support a decision by the ALJ either to grant or to deny a continuance, then the Board on review must conclude that the ALJ's choice is not an abuse of discretion.

The Court of Appeals concluded that "[w]hether to grant a continuance is a matter committed to the discretion of the Board." *SAIF v. Kurcin*, 160 Or App at 492. In our view, that conclusion reflects a fundamental legal error. As the Board recognized, its rule on continuances delegated the decision whether to grant a continuance *to the ALJ*, subject to review by the Board to determine whether the ALJ abused his or her discretion. That is, the rule vests authority to make the discretionary decision regarding a continuance with the

legal officer who is responsible for the efficient administration of the evidentiary hearing: the ALJ.

Proceeding from its erroneous premise, the Court of Appeals concluded that claimant had failed to qualify for a continuance under OAR 438-006-0091(3) because she had failed to prove, in accordance with that rule, that she had shown "due diligence." The Court of Appeals also concluded that a continuance was not "necessary to afford reasonable opportunity" for claimant to obtain and present final rebuttal evidence.[2] *SAIF v. Kurcin,* 160 Or App at 493. The rule does incorporate those criteria to guide the ALJ's discretionary decision regarding a request for a continuance. We next turn to the meaning of those criteria.

The relevant rules do not define "due diligence." Under the methodology described in *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993), courts give words of common usage their plain, natural, and ordinary meaning. The term used here—"due diligence"—is not a term of common usage, however. That term has a special meaning in the law. "Due diligence" means "[t]he diligence reasonably expected from, and ordinarily exercised by, a person who seeks to satisfy a legal requirement or to discharge an obligation." *Black's Law Dictionary,* 468 (7th ed 1999). We must assume that the Board, in promulgating the rule, intended the term "due diligence" to connote its special meaning.

OAR 438-006-0091(3) also provides, as pertinent to this case, that an ALJ may allow a continuance

"if [a continuance is] necessary to afford [a] reasonable opportunity for the party bearing the burden of proof to obtain and present final rebuttal evidence * * *."

That criterion protects, through the procedural device of a continuance, the right of final presentation of evidence and argument that OAR 438-007-0023 creates in favor of the party that bears the burden of proof on an issue in a hearing.

---

[2] The Court of Appeals erred to the extent that it determined that the pertinent facts were different than those on which the ALJ and the Board had relied. In this context, the Court of Appeals' proper course, instead, was to determine whether the record permitted the ALJ to view the facts as he did.

The term "necessary" in that rule does not stand alone. Instead, that term appears in the phrase "necessary to afford a reasonable opportunity * * *." Thus, that criterion imposes no requirement that a continuance be "necessary" in an absolute sense. Rather, the rule requires the ALJ to assess whether a continuance is justified by determining whether, in the absence of a continuance, the hearing would not afford the requesting party a reasonable opportunity to obtain and present final rebuttal evidence.

Insurer argues that, because it furnished claimant with a copy of the reports of insurer's expert before the hearing, the record establishes as a matter of law that claimant had ample opportunity to prepare any required rebuttal evidence without requesting a continuance. Although the factual premise of that argument—prehearing delivery of the expert's report—is accurate, insurer's asserted conclusion does not follow necessarily.

Insurer is correct that the delivery of the written reports of insurer's expert gave notice to claimant of the contents of the reports. However, the evidence that insurer introduced at the hearing included not only the written reports, but also the testimony of insurer's expert. Insurer's objection to a continuance proceeded from the assumption that the expert's testimony merely would repeat the written reports. However, the ALJ rationally could conclude that insurer's principal reason in calling the expert to testify was to introduce into the record favorable evidence that the written reports did not already contain. The ALJ also could conclude that claimant's cross-examination of insurer's expert would produce new evidence, such as additional or different explanations for the expert's conclusions, that the written reports did not contain.

When the ALJ held the record open and later received into evidence claimant's rebuttal testimony, the record included not only the two written reports prepared by insurer's expert, but also the expert's oral testimony. The ALJ was entitled to conclude that that testimony was inconsistent, at least to some degree, with the written reports. For example, the expert opined in his March 13, 1996, report that it was "unclear" whether claimant's 1995 workplace injury

represented a "true pathologic worsening or simply an acute exacerbation of symptoms * * *." By contrast, the expert testified that he thought that the 1995 injury made claimant's condition "* * * symptomatic. I don't think it worsened it." That inconsistency, and others that we need not present in detail here, defeat insurer's theory that claimant made no showing of a need to present rebuttal testimony because the expert's reports had portrayed the expert's hearing testimony accurately before the hearing. The ALJ was entitled to conclude that claimant had made such a showing and to exercise his discretion accordingly.

After reviewing the record, the Board sustained the ALJ's decision to hold the record open. The Board acknowledged SAIF's argument "that claimant should have been able to anticipate the substance of Dr. Gambee's testimony and to provide rebuttal evidence without leaving the record open," but concluded that "such an argument [was] speculative." As we have explained, the record justified the ALJ's choice to receive claimant's rebuttal testimony after the close of the evidentiary hearing. The Board recognized that fact in sustaining the ALJ's discretionary choice. Under the standard set out in ORS 183.482(8)(a), the Board's ruling was not erroneous. That is, the Board correctly applied its rules and did not "erroneously interpret[ ] a provision of law," ORS 183.482(8)(a), in concluding that the ALJ did not abuse his discretion in granting a continuance.

The decision of the Court of Appeals is reversed. The order of the Workers' Compensation Board is affirmed.