Argued and submitted January 14, affirmed July 6, 2005

In the Matter of the Compensation of
Patricia K. Nida, Claimant.

Patricia K. NIDA,
*Petitioner,*

*v.*

NORTHWEST REGIONAL EDUCATIONAL LAB, INC.,
and Liberty Northwest Insurance Corp.,
*Respondents.*

02-05808; A122277

115 P3d 974

Charles Robinowitz argued the cause and filed the briefs for petitioner.

David O. Wilson argued the cause and filed the brief for respondents.

Before Edmonds, Presiding Judge, and Wollheim* and Schuman, Judges.

* Wollheim, J., *vice* Richardson, S. J.

WOLLHEIM, J.

## WOLLHEIM, J.

Petitioner petitions for judicial review of the Workers' Compensation Board's denial of her claim for interim compensation. The board affirmed the administrative law judge's (ALJ) refusal to reopen the record in order to admit exhibits from claimant's attending physician. The issue we discuss is whether the board erred in concluding that the ALJ did not abuse his discretion in refusing to reopen the record. Because the board reviewed the ALJ's exercise of discretion and did not purport to exercise discretion itself, we review for errors of law, *SAIF v. Kurcin*, 334 Or 399, 405, 50 P3d 1167 (2002), and affirm.

The facts are essentially undisputed. Petitioner was employed as an educational consultant. She suffered a detached retina for which she filed a workers' compensation claim. Petitioner's condition required surgery, causing her either to miss work or to work only part time for several weeks. Petitioner obtained handwritten notes from her attending physician authorizing her either to miss work or to work only part time and furnished them to her employer. Petitioner did not keep copies of those notes.

Petitioner filed a claim with her employer and employer's insurer denied that claim. Petitioner requested a hearing. Pursuant to OAR 438-007-0018(1),[1] insurer sent to petitioner's attorney a package of documents, together with an index of the documents that insurer intended to offer as exhibits. That package included the notes from petitioner's physician; however, the notes were not listed in the index.

According to petitioner's attorney, although the notes were received, they were not placed into petitioner's file and petitioner's attorney was unaware that the notes even

---

[1] OAR 438-007-0018(1) provides, in part:

"Not later than 28 days before the hearing, the insurer * * * shall provide the claimant * * * legible copies of all documents that are relevant and material to the matters in dispute in the hearing, together with an index. The index shall include the document numbers, description of each document, author, number of pages and date of the document."

existed. Insurer did not submit the notes to the ALJ as exhibits. At the hearing, the ALJ asked whether there was anything else the parties wanted in the record, to which petitioner's attorney replied, "That's—that's fine." Petitioner's attorney relied primarily on petitioner's testimony that the doctor had authorized her to miss work, "and [did not] have any other evidence [to] offer." The ALJ was not convinced:

> "[T]here is no evidence in this record that claimant's treating physician authorized the payment of temporary disability compensation.

> "Based upon the foregoing, I conclude that claimant is not entitled to the payment of interim compensation in this matter."

Almost a month after the order was issued, petitioner filed a motion to reconsider and to reopen the record, relying on insurer's failure to include the notes in the index, insurer's failure to submit the notes as exhibits, and the filing error. The ALJ denied the motion to reconsider and reopen the record:

> "Given that the documents were appropriately provided to claimant's counsel the only question is whether or not due diligence would have revealed the documents in his office. I can only conclude that due diligence would have exposed the documents so they could have been submitted in a timely fashion.

> "No extraordinary circumstances have been demonstrated for why the documents should be admitted at this late date."

Claimant then requested board review. The board affirmed:

> "The issue on review is whether it was an abuse of discretion for the ALJ to have declined to reopen the record for proposed Exhibits 13A through F. Based on the following reasoning, we find no abuse of discretion in the ALJ's evidentiary ruling.

> "Claimant does not dispute that the insurer timely provided exhibits to her counsel pursuant to OAR 438-007-0018, but rather argues that the insurer had an affirmative obligation to submit the disputed documents for admission

as exhibits. We need not resolve that question because the issue was not timely preserved. At the hearing, the ALJ noted that he possessed Exhibits 1 through 12 and A. The ALJ then asked the insurer's and claimant's counsel: 'Is that what you folks want me to have in this record?' Claimant's attorney replied: 'That's—that's fine.'

"The appropriate time to raise any objections to the proposed exhibits was at the hearing and not after closure of the record and issuance of the ALJ's order. Because claimant failed to timely object, we cannot say that the ALJ abused his discretion in declining to reopen the record for inclusion of proposed Exhibits 13A through F."

(Internal citations omitted.) One board member dissented.[2]

OAR 438-007-0025 grants an ALJ discretion to reopen the record and provides, in part:

"The Administrative Law Judge *may reopen the record* and reconsider his or her decision before a request for review is filed or, if none is filed, before the time for requesting review expires. Reconsideration may be upon the Administrative Law Judge's own motion or upon a motion by a party showing error, omission, misconstruction of an applicable statute or the discovery of new material evidence."

(Emphasis added.)

The board considered the ALJ's exercise of discretion under the applicable rule and, given our standard of review, we conclude the board did not err.

Affirmed.

---

[2] The basis of the dissent was that OAR 438-007-0018(1) describes an insurer's obligation to provide an index of all documents in mandatory terms, with the use of the term "shall." In addition, the dissent pointed to OAR 438-007-0018(3), which requires that the "packets of documents shall be submitted to the [ALJ]." Because insurer failed to submit the notes to the ALJ, the dissent reasoned, the ALJ abused his discretion in not admitting the notes into the record.