Argued and submitted August 6, affirmed December 19, 2007

In the Matter of the Compensation of
Mir Iliaifar, Claimant.

SAIF CORPORATION
and Don Rasmussen Co.,
*Petitioners,*

*v.*

Mir ILIAIFAR,
*Respondent.*

Workers' Compensation Board
0303229; A129686

174 P3d 1055

Jerome P. Larkin, Special Assistant Attorney General, argued the cause and filed the briefs for petitioners.

Rex Q. Smith argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

## SCHUMAN, J.

SAIF Corporation (SAIF) seeks review of an order of the Workers' Compensation Board (board) awarding claimant temporary partial disability benefits (TPD). SAIF argues that the board erred in interpreting OAR 436-060-0030(4) (Nov 27, 1996).[1] That rule requires a claimant who seeks TPD to "provide documented evidence of the amount of wages being earned" in post-injury employment. The board concluded that the rule obligated claimant to provide information to his insurer, but it did not preclude the board from considering other evidence in calculating claimant's TPD. We conclude that the board correctly interpreted the rule, and we affirm.

The following facts were found by the board and are supported by substantial evidence. ORS 656.298(7); ORS 183.482(8)(c); *Worldmark The Club v. Travis*, 161 Or App 644, 648, 984 P2d 898 (1999). Claimant suffered two injuries while employed as a car salesman in December 1995 and was not able to continue working in that position. SAIF denied compensability. The matter was in litigation until late 2000, at which time compensability was established. During the litigation, claimant leased a taxicab from Broadway Cab and worked as a driver. Under his arrangement with that company, he paid a flat fee to lease the cab and an additional daily use fee. Each day that he worked, he picked up a clean cab with a full tank of gas, and he was required to return it in that condition at the end of his shift. Because of his injury, claimant was usually not able to work full days as a cab driver. His objective was to collect enough in fares so that he could earn $40 per day after paying his costs.

In November 2000, SAIF accepted claimant's claim for a herniated disc. He then sought TPD for the time he was working as a cab driver. TPD may be awarded to a worker who is unable to continue in his or her preinjury employment due to a temporary disability but is able to perform other

---

[1] The parties and the board's order refer to OAR 436-060-0030(3). However, the language of the rule that they are relying on, which is currently found in subsection (3), was in subsection (4) during the 1997-2000 period for which claimant seeks to recover temporary partial disability payments. Our citations throughout are to the rule in effect at the time of the claim.

work, if the worker earns less in the substitute position than he or she earned in the preinjury position. The benefits are calculated as a percentage of the temporary total disability benefits the worker would collect if he or she were not able to perform any work. ORS 656.212(2); *Morales v. SAIF*, 196 Or App 693, 697, 103 P3d 654 (2004), *aff'd*, 339 Or 574, 124 P3d 1233 (2005). OAR 436-060-0030(4) imposes the following obligation on a worker claiming TPD:

> "If the worker is with a new employer and upon request of the insurer to provide wage information, it shall be the worker's responsibility to provide documented evidence of the amount of any wages being earned. Failure to do so shall be cause for the insurer to assume that post-injury wages are the same as or higher than the worker's wages at time of injury."

Thus, the insurer, in processing the claim, may assume that a worker is not entitled to TPD if the worker does not provide documented evidence of his or her wages with a new employer.

In the present case, SAIF provided claimant with a questionnaire seeking information about his income as a cab driver. Claimant stated that he had earned about $40 per day. SAIF then requested that claimant provide documented evidence of his earnings and a statement that he was self-employed. Claimant provided copies of his tax returns for 1997-2000 showing that he earned about $40 per day. At that time, claimant had not actually filed any of those tax returns. He subsequently did so, however, and they included the same information that he had supplied to SAIF. Claimant also provided some documentation from Broadway Cab pertaining to his earnings. That documentation did not precisely establish claimant's earnings, but it was not inconsistent with his claim that he earned $40 per day.

SAIF denied claimant's request for TPD because, according to SAIF, claimant did not "provide documented evidence of the amount of any wages" he earned as a cab driver as required by OAR 436-060-0030(4). That failure, according to SAIF, allowed it to avail itself of the assumption authorized by OAR 436-060-0030(4) that claimant was earning at least as much as a cab driver as he had earned before his

injury. In addition, SAIF had information indicating that, during the period in question, claimant's bank account showed transactions indicating that he had access to considerably more income than his reported $40 per day.

Following a hearing, an administrative law judge (ALJ) concluded that "claimant established his entitlement to temporary partial disability benefits based upon his having earned wages at $40 per day on average." In reaching that determination, the ALJ did not discuss OAR 436-060-0030(4); he simply evaluated the evidence that the parties submitted (testimony, tax documents, bank records) and concluded that claimant had met his burden of establishing entitlement. SAIF appealed to the board. The board reweighed the evidence and concluded that claimant had *not* met his burden. Further, the board appeared to conclude that OAR 436-060-0030(4) required claimant to present the *board* with documented evidence of his post-injury wages and required the *board* to presume that, if he did not provide such evidence, his temporary partial disability benefits were zero. In reaching that conclusion, the board rejected claimant's argument that the rule did not apply because, by its terms, it applied only to "wages" earned from a new "employer" and ·claimant, as a self-employed cab driver, never earned wages and never had an employer.

Claimant sought reconsideration, and the board reversed its earlier ruling, holding that, as claimant argued, OAR 436-060-0030(4) did not apply to claimant because, as a self-employed cab driver, he did not have a new "employer."

SAIF then petitioned for reconsideration. In the second order on reconsideration, the board again found that claimant was entitled to TPD, but the board relied on different reasoning. This time, the board determined that, although OAR 436-060-0030(4) requires a claimant to provide the *insurer* with documented evidence of his wages in order to assist the insurer with its claim processing duties, the rule does not create an evidentiary rule and does not prohibit the ALJ or the board from reviewing other evidence and using that evidence to calculate claimant's TPD.

■    SAIF seeks judicial review, arguing that the board erred in concluding that it had the authority to make a finding about the amount of wages claimant earned as a cab

driver based on evidence that was not the documented evidence required by OAR 436-060-0030(4). We review the board's interpretation of the administrative rule for errors of law. *SAIF v. Donahue-Birran*, 195 Or App 173, 175, 96 P3d 1282 (2004).

■ SAIF asserts that the board's interpretation of OAR 436-060-0030(4) is somehow inconsistent with the language of the rule and the intent of the director of the Department of Consumer and Business Services, who promulgated it. We disagree. The rule explicitly requires a claimant to provide information on request to the insurer, and allows the insurer, if a claimant does not provide the information, to assume that the post-injury earnings are no less than the earnings at the time of injury. Nothing in the rule's language states or implies that, at a hearing to contest the insurer's determination, a claimant is precluded from offering, and the board is precluded from considering, other evidence to overcome the assumption. SAIF provides no authority for such a proposition, and we find none.

Further, ORS 656.283(7) provides that, unless the Workers' Compensation Law or the rules of procedure established by the board provide otherwise, the ALJ is not bound by rules of evidence and "may conduct the hearing in any manner that will achieve substantial justice." The board shall base its review upon the record that was presented to the ALJ. ORS 656.295(3), (5). Because the language of the rule does not prohibit the ALJ or the board from examining evidence other than the documented evidence requested by the insurer, the board correctly determined that it was not limited by OAR 436-060-0030(4). The board's legal ruling was correct. SAIF does not argue that, even if the ruling was correct, it is not supported by substantial evidence. We therefore affirm.

Affirmed.