Argued and submitted December 20, 1999, affirmed January 26, 2000

In the Matter of the Marriage of

Linda Sue WESTENDORF,
*Respondent,*
*and*

James R. WESTENDORF,
*Appellant.*

(97-DO-0312-MS; CA A104392)

996 P2d 523

Steven D. Bryant argued the cause and filed the brief for appellant.

Greg O'Neill argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Husband appeals a dissolution judgment, assigning error to the trial court's division of property, specifically, the parties' retirement accounts. He argues that the trial court should have applied the "time rule" to the division of the accounts. We conclude that, because husband did not request the trial court to apply the time rule to the parties' retirement accounts, he is precluded from doing so for the first time on appeal. We therefore affirm without expressing any opinion on the propriety of using the time rule in the circumstances of this case.

Husband has worked as a teacher since 1974. Wife has worked as a teacher's aide and a teacher since 1980. Both participate in retirement plans through the Public Employees Retirement System (PERS). The parties married in 1989 and remained married for nine years. At the dissolution trial, the parties disputed how their PERS accounts should be divided.

Husband argued that the "time fraction" rule should *not* be used and that, instead, an "actual benefit method" used by his expert was the appropriate method of dividing the PERS accounts. Husband's expert acknowledged the time rule as a common method of dividing retirement accounts. That method requires the actuarial present value of the accounts to be calculated and then multiplied by a fraction equal to the time during which the parties were married divided by the time during which contributions to the accounts were made. *See Richardson and Richardson*, 307 Or 370, 379, 769 P2d 179 (1989). Husband's expert, however, used a different method, by which he attempted to calculate the "actual benefit" to the accounts during the marriage. Wife argued for a division of the accounts by an "appreciation method," by which the actuarial present value at the time of the marriage is subtracted from the actuarial present value at the time of trial. The trial court adopted wife's proposed method of valuation and division.

■ ■ On appeal, husband argues that the trial court should have used the time rule in dividing the parties' PERS accounts. He acknowledges that he did not ask the trial court

to do that; indeed, he asked the trial court *not* to do that. He nevertheless insists that he is not precluded from requesting, on *de novo* review, that we divide the parties' retirement accounts by using the time rule. Husband argues that he preserved the claim of error because he asked the trial court generally to grant a "just and proper division" of the parties' accounts. In the alternative, he argues that the issue was placed before the trial court by virtue of his expert's testimony concerning the common employment of the time rule in dividing retirement accounts.

ORAP 5.45(2) provides:

> "No matter assigned as error will be considered on appeal unless it was preserved in the lower court and assigned as error in the party's opening brief; provided that the appellate court may consider errors of law apparent on the face of the record."

Its purposes are, among other things,

> "[t]o advance goals such as ensuring that the positions of the parties are presented clearly to the initial tribunal and that the parties are not taken by surprise, misled, or denied opportunities to meet an argument."

*Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995). Our recent cases have emphasized, in particular, the importance of ensuring that the trial court is afforded an opportunity to understand and consider an issue before having it challenged as error on appeal. *See, e.g., State v. Knight*, 160 Or App 395, 402, 981 P2d 819 (1999) ("[O]ne of the foundations of the preservation inquiry is whether the trial court had an opportunity to consider the issue and to avoid any alleged error."); *Wells Fargo & Co. v. Industrial Indemnity Co.*, 160 Or App 166, 176-77, 980 P2d 1138, *rev den* 329 Or 553 (1999) ("The rationale for appellate courts' preservation of error rules includes ensuring that the trial court had an opportunity 'to understand and correct any error.' ") (quoting *State v. Brown*, 310 Or 347, 356, 800 P2d 259 (1990)).

■    The fact that this is a dissolution case that is subject to *de novo* review does not mean that the rule applies with any less force than it does in other cases. In *Chester and Chester*, 155 Or App 348, 350-51, 963 P2d 113 (1998), for

example, the father argued that the trial court erred in awarding attorney fees to the mother in a custody modification proceeding, although the father made no such argument to the trial court. We held that the matter could not be raised for the first time on appeal. Similarly, in *Butler and Butler*, 160 Or App 314, 318-19, 981 P2d 389 (1999), the husband argued that the trial court in a dissolution case lacked authority to establish a trust out of the wife's inheritance. The husband had not made that argument to the trial court and, in fact, had argued that the trial court could establish the trust. We held that the husband failed to preserve his claim of error.

This case is not materially different from either *Chester* or *Butler*. Husband did not argue that the trial court should have applied the time rule. To the contrary, husband argued to the trial court that the time rule should not be applied. Under the circumstances, merely requesting that the court divide the parties' accounts in a just and proper fashion or eliciting testimony concerning the mere existence of the time rule did not give the trial court a fair opportunity to address the matter that husband now contends was erroneously decided. We conclude that husband's assignment was not preserved.

Affirmed.