Argued and submitted March 25, affirmed September 8, 2004

In the Matter of the Compensation of
Rick W. Donahue-Birran, Claimant.

SAIF CORPORATION
and University of Oregon,
*Petitioners,*

*v.*

Rick W. DONAHUE-BIRRAN,
*Respondent.*

02-02926; A120639

96 P3d 1282

David L. Runner, Special Assistant Attorney General, argued the cause for petitioners. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Thomas Cary argued the cause for respondent. On the brief was G. Duff Bloom.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

**HASELTON, P. J.**

Petitioners University of Oregon and SAIF (SAIF) seek review of an order of the Workers' Compensation Board (board) upholding an assessment of impairment under OAR 436-035-0230(16), as well as a penalty imposed pursuant to ORS 656.268(5)(e). At issue is the meaning of the phrase, "cannot walk and/or stand for a cumulative total of more than two hours in an 8-hour period," as used in OAR 436-035-0230(16). We review for errors of law, and affirm.

Claimant compensably injured his knee in April 2001, and SAIF originally accepted a knee strain, then later expanded its acceptance to include other knee conditions. Claimant had surgery in May 2001 and was declared medically stationary in December 2001. Claimant's treating physician, Dr. Watson, agreed with a physical capacities evaluation (PCE) that indicated that claimant had limitations on standing for four hours in an eight-hour period, and on walking for two hours in an eight-hour period.

SAIF closed the claim with an award of 25 percent scheduled permanent partial disability (PPD). Claimant requested reconsideration by the Appellate Review Unit (ARU) and, as a result, was awarded a total of 43 percent scheduled PPD, of which 15 percent was for claimant's inability to "walk and/or stand for a cumulative total of more than two hours in an 8-hour period." OAR 436-035-0230(16). Claimant was also awarded a penalty pursuant to ORS 656.268(5)(e). The ALJ affirmed, as did the board. SAIF now seeks judicial review of the board's order.

At issue is the meaning of OAR 436-035-0230(16), which provides, in part:

> "When there is an injury to the knee/leg and objective medical evidence establishes the worker cannot walk and/or stand for a cumulative total of more than two hours in an 8-hour period, the award shall be 15% of the knee/leg[.]"

The ARU concluded, based on the PCE that indicated claimant's limitations on walking and standing, that claimant was entitled to 15 percent scheduled PPD under the rule because he was "unable to walk for greater than two

hours in an eight hour period, due to the accepted condition." SAIF appealed from the ARU's order on reconsideration, asserting that, because claimant could walk *and stand*, in combination, for more than two hours in an eight-hour period, he was not eligible for an award pursuant to OAR 436-035-0230(16). The ALJ rejected SAIF's reasoning, concluding that, "if any one of the impairments, standing alone, fails to reach the threshold level of ability, claimant is entitled to the award." SAIF sought board review. The board adopted the ALJ's findings and also agreed with the ARU's and the ALJ's application of OAR 436-035-0230(16):

> "SAIF contended that, because the medical record * * * established that claimant was able to *stand* more than two hours cumulatively in an eight-hour day (notwithstanding Dr. Watson's 'walk' limitation), he was not entitled to a 15 percent impairment value under the administrative rule.
>
> "* * * * *
>
> "Examining the text of OAR 436-035-0230(16), we find that the plain meaning of the phrase 'the worker cannot walk and/or stand for a cumulative total of more than two hours in an eight hour period' contemplates that a claimant need only be restricted from walking *or* standing for a cumulative total of more than two hours in an eight-hour period. This interpretation squares with the definition of 'and/or' which is 'used as a function word to indicate that two words or expressions are to be taken together *or individually*.' (emphasis added) *Webster's New Collegiate Dictionary* 43 (1973).
>
> "SAIF contends that the term 'cumulative' in the rule signifies that claimant's ability to 'walk' must be considered in the aggregate with his ability to 'stand,' and that if claimant is able to stand or walk for a total of more than two hours in an eight-hour day, he should not be entitled to a value under the rule. We disagree. We interpret the term 'cumulative' only to modify the phrase 'total of more than two hours.' OAR 436-035-0230(16). In other words, a worker's cumulative periods of time when he or she is able to 'walk' (for example, 15 minutes at a time) may be added together to form a cumulative total in an eight-hour day, and likewise with the periods that a worker is able to 'stand.' "

(Emphasis in original.)

SAIF argues that the board erred in construing OAR 436-035-0230(16). SAIF acknowledges that the board's interpretation is consistent with the general dictionary definition of the term "and/or." *See generally Webster's Third New Int'l Dictionary* 80 (unabridged ed 1993) ("and/or" is "used as a function word to indicate that words are to be taken together or individually ‹men *and / or* women means men *and* women or men *or* women›"). The term "and/or" also has been described as a "formula denoting that the items joined by it can be taken either together or as alternatives." H. W. Fowler, *The New Fowler's Modern English Usage* 53 (3d ed 1996). That source goes on to note that "[t]he more comfortable way of expressing the same idea is to use 'X or Y or both,' or, in many contexts, just 'or'." *Id.*

SAIF contends, however, that the standard construction of the term "and/or" as set forth above is reversed whenever the term occurs in a sentence that contains a negative term such as "cannot." SAIF asserts that the fact that the word "cannot" precedes the phrase "walk and/or stand" means that the only possible way to interpret the phrase is to mean "neither taken together nor individually." SAIF thus reasons that the only way to interpret the phrase "cannot walk and/or stand" is that it means "cannot walk," *and* "cannot stand," *and* "cannot do both together" for the requisite period of time. SAIF concludes that, because evidence demonstrates that claimant can stand for more than two hours in an eight-hour period, he is not entitled to an award under OAR 436-035-0230(16), regardless of the fact that he cannot walk for more than two hours in an eight-hour period. In short, SAIF contends that the presence of the word "cannot" means that "and/or" can only mean "and" in this context.

The problem with that argument is that SAIF's proposed interpretation reads the word "or" out of the rule. We are, of course, not to "omit what has been inserted" in interpreting administrative rules. *See Perlenfein and Perlenfein,* 316 Or 16, 22-23, 848 P2d 604 (1993).

On the other hand, claimant's interpretation of the rule is flawed in the same manner, because his construction

of the rule reads "and" out of the rule (as do the dictionary definitions cited above).[1] There is no easy answer to this conundrum because, in this context, the "and/or" either has to mean "and," in which case SAIF is correct that claimant is not entitled to benefits under the rule, or it means "or," in which case claimant is correct that he is entitled to benefits. There simply is no way to give effect to both words, because "and" leads to one result, and "or" leads to the other, and there is no middle ground.

It is because of the inherent ambiguity of the phrase "and/or" that virtually all reputable sources advise that the phrase not be used. In Bryan A. Garner, *A Dictionary of Modern Legal Usage* 56-57 (2d ed 1995), the use of the term "and/or" is discussed at length. Garner notes that the term has been vilified in case law for the past century,[2] but that it is usually safe to assume that "x and/or y = x or y or both." *Id.* at 56. He points out, however, that sometimes the term is "inappropriate substantively as well as stylistically," because it is too indecisive, such as in a will that makes a bequest "to Ann and/or John." *Id.* He observes that the problems of indecisiveness can be cured by using either "and" or "or," depending on the meaning that is intended. *Id.* at 56-57. This case presents an excellent example of why the term should not be used: The drafters of the rule must have meant either "and" or "or" but could not have meant both, as different results flow from each reading, and there is no possible alternative reading that somehow could give effect to both. As was observed in David Mellinkoff, *The Language of the Law* 308-09 (1963):

---

[1] That is, under claimant's construction, entitlement to the 15 percent impairment value is triggered if a claimant (a) cannot walk for more than two hours *or* (b) cannot stand for more than two hours *or* (c) cannot both walk and stand for more than two hours. We note that, as a matter of simple arithmetic, if claimant's construction were correct, (c) would be superfluous because there could be no circumstances that satisfied (c) that did not also satisfy either (a) or (b).

[2] Citing *Employers' Mut. Liab. Ins. Co. v. Tollefsen*, 219 Wis 434, 263 NW 376, 377 (1935) ("that befuddling, nameless thing, that Janus-faced verbal monstrosity [used] as a cunning device to conceal rather than express meaning"); *American Gen. Ins. Co. v. Webster*, 118 SW2d 1082, 1084 (Tex Civ App 1938) ("the abominable invention and/or is as devoid of meaning as it is incapable of classification by the rules of grammar and syntax").

"Ultimately the decision must be made, which is it—A or B or both? And this decision is not helped by *and / or*. That formula permits the one person who should know what he is talking about to dodge the decision, and fobs off the choice on a stranger—a lawyer, a judge—who may not have the slightest notion what the writer really meant."[3]

That certainly describes the quandary in which this court finds itself.

SAIF contends, nevertheless, that the history of the rule indicates that "and/or" should be read to mean "and" because the rule previously provided:

"When there is an injury to the knee/leg and objective medical evidence establishes an ability to walk or stand for a cumulative total of two hours or less in an 8-hour period, the award shall be 15% * * *."

SAIF reasons that the change in the administrative rule creates a presumption that the meaning of the rule must have changed, and that the Board's interpretation of the current rule is consistent with the previous version of the rule and therefore must be incorrect. For that proposition, SAIF relies on *Carlson v. Myers*, 327 Or 213, 959 P2d 31 (1998). We do not view *Carlson* as support for SAIF's position. The court in *Carlson* said:

"In the construction of amendatory acts, such as the one under consideration here, it is presumed that material changes in the language of the statute create material changes in meaning. At the same time, it is presumed that such changes in meaning do not go further than is expressly declared or necessarily implied. *Fifth Avenue Corp. v. Washington Co.*, 282 Or 591, 597-98, 581 P2d 50 (1978). The legislature may have meant ORS 250.035(6) to materially change the meaning of the words in *former* ORS 250.035(2); however, because the wording of ORS 250.035(6) is ambiguous, it is not possible to determine from an examination of the text and context of the new statute either the nature or the extent of the intended change, if any."

---

[3] This source traces the legal squabbling over the meaning of "and/or" to *Cuthbert v. Cumming*, 156 Eng Rep 668 (1855), and further notes that, in *Stanton v. Richardson*, 45 LJQB (HL 1875), six judges had six separate interpretations of "and/or." Mellinkoff, *The Language of the Law* at 151-52.

*Id.* at 225. In short, any such "presumption" about changed meaning goes only to the extent that a change is "expressly declared or necessarily implied." *Id.* If the new language is ambiguous, however, we cannot determine the nature and extent of the change intended by the drafters. *Id.*

The use of the term "and/or" in the rule makes the meaning of the rule ambiguous. Neither standard rules of grammar or syntax nor reference to the earlier version of the rule cures that ambiguity. While claimant is correct that the construction given by the ARU, the ALJ, and the board comports with the common dictionary definition of "and/or," SAIF is correct that that interpretation does, in fact, essentially read the term "and" out of the phrase.

The ambiguity is compounded, moreover, by the use of the word "cumulative" in the rule. As noted, the key phrase is: "the worker cannot walk and/or stand for a cumulative total of more than two hours in a 8-hour period." The word "cumulative" has two possible meanings in this context. If "and/or" is interpreted according to the standard dictionary definitions to mean "walk or stand or both," then "cumulative" means that one is to cumulate periods of walking during an eight-hour period to determine whether a claimant cannot walk for a total of more than two hours, or cumulate periods of standing in the same way. In short, "cumulative" would mean that the two hours would not have to be continuous, but could be shorter periods throughout the eight-hour work day. On the other hand, if SAIF is correct that "and/or" essentially means "and" in this context, then the use of the term "cumulative" could refer to cumulation of time periods, as described above, but also could indicate that one must cumulate walking periods with standing periods to determine whether the two-hour threshold has been met.

We conclude that both of the proposed interpretations of the rule are plausible, but grammatically flawed, and that, because of those flaws, neither is clearly the correct interpretation.

Given that conclusion, we must determine whether the ARU's interpretation of OAR 436-035-0230(16) is entitled to deference under the principles enunciated in *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 881 P2d

119 (1994), by which we are bound to defer to plausible interpretations of administrative rules by the agency that promulgated them. The rules in OAR chapter 436 were promulgated by the director of Department of Consumer and Business Services (DCBS), *see* OAR 436-001-0001, and we defer to DCBS's plausible interpretation of its rules. *See generally SAIF Corp. v. Eller*, 189 Or App 113, 119-20, 74 P3d 1093 (2003). The question here reduces, then, to whether we accord such deference in this situation, where the Board upheld the ARU's interpretation of the rule.

The ARU is a part of the Workers' Compensation Division of DCBS, and, thus, its interpretation of DCBS rules may be entitled to deference. *See generally Johnson v. Employment Dept.*, 187 Or App 441, 447-49, 67 P3d 984, *rev den*, 336 Or 60 (2003) (discussed below). On the other hand, we do not defer to the interpretation of the Workers' Compensation Board as to the meaning of a rule promulgated by the director of DCBS, because they are different agencies and deference is due only to an interpretation by the agency that promulgates a rule. *See Lederer v. Viking Freight, Inc.*, 193 Or App 226, 89 P3d 1199, *modified on recons*, 195 Or App 94, 96 P3d 882 (2004). Here, as noted above, the initial interpretation of the rule was by the ARU, and the ARU award ultimately was upheld by the board. Whether deference is due to the ARU interpretation under those circumstances is a matter of first impression.

Upon closer consideration, the answer becomes clear. The party challenging the ARU's conclusion has the burden of demonstrating that the ARU misapplied DCBS standards. *Sisters of Providence v. McGuire*, 183 Or App 503, 509, 52 P3d 1113 (2002). To conclude that the ARU misapplied DCBS standards under these circumstances, one would have to conclude that the ARU's interpretation of OAR 436-035-0230(16) was incorrect. Because, as explained below, the ARU's interpretation of that rule is owed deference, a reviewing body would have to find that the ARU interpretation was not plausible in order to conclude that it misapplied DCBS standards. Thus, in a situation such as this, where an administrative rule initially is applied by the agency that promulgated it, that interpretation is entitled to deference. *See Johnson*, 187 Or App at 447-49.

In *Johnson*, the claimant initially was denied benefits by an authorized representative of the Employment Department based on one of its administrative rules. The claimant appealed first to an ALJ, and then to the Employment Appeals Board. In determining whether the Employment Department representative's interpretation of its rule was entitled to deference, we stated:

> "If the department had interpreted its rule at the conclusion of a contested case proceeding, there would be no question that we would defer to that interpretation as long as it was plausible. *See Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 143, 881 P2d 119 (1994). Here, however, the authorized representative of the department applied the rule to claimant and concluded that claimant had engaged in misconduct that disqualified him from receiving unemployment benefits. The ALJ affirmed after considering additional evidence that the parties submitted, as did the board. Because neither the ALJ nor the board adopted the rule defining misconduct, we owe their interpretation no deference. The question remains, however, whether we owe the authorized representative's interpretation any deference."

187 Or App at 447-48. We reasoned, based on prior case law, that the authorized representative had the authority to make the initial determination of how the rule in question should be applied. *Id.* We therefore concluded "that the authorized representative's interpretation of the department's rule is entitled to the same level of deference that we would give the department's interpretation; that is, we should defer to the department's (or authorized representative's) interpretation as long as it is plausible." *Id.* at 448-49. *See also Double K Kleaning Service v. Employment Dept.*, 191 Or App 374, 82 P3d 642 (2004) (same).

The same rationale applies here. It is undisputed that the director of DCBS, and hence the director's delegate, the ARU, had the authority to determine the proper application of OAR 436-035-0230(16) when claimant sought reconsideration of the notice of closure. *See generally* OAR 436-030-0115; OAR 436-030-0135. Thus, for purposes of our review and ultimate resort to *Don't Waste Oregon* deference, it is immaterial that the ALJ and board did not promulgate

the rule in question. What *is* material is that they sustained a plausible interpretation of the rule by an agent of the promulgating entity.

In light of our conclusion that the board did not err in upholding the ARU's determination that claimant was entitled to 15 percent scheduled disability under OAR 436-035-0230(16), it follows that the board did not err in affirming the penalty imposed under ORS 656.268(5)(e).

Affirmed.