913 So.2d 1110 (2005)
Ex parte Catherine AARON.
(In re Catherine Aaron
v.
State of Alabama).
1030349.
Supreme Court of Alabama.
April 1, 2005.
John A. McReynolds IV of Bedford, Rogers & Bowling, P.C., Russellville, for petitioner.
Troy King, atty. gen., and Michael B. Billingsley, asst. atty. gen., for respondent.
BOLIN, Justice.[1]
Catherine Aaron petitioned for a writ of certiorari to review the Court of Criminal Appeals' unpublished memorandum affirming the trial court's judgment convicting her, pursuant to a plea agreement, of the unlawful manufacture of a controlled substance in the second degree, a violation of § 13A-12-217(a)(2), Ala.Code 1975. Aaron v. State, 913 So.2d 1109 (Ala.Crim.App.2003).
This is a companion case to Ex parte Shaver, 894 So.2d 781 (Ala.2004), in which this Court reversed the judgment of the Court of Criminal Appeals affirming the trial court's judgment convicting Brian Shaver of the unlawful manufacture of a controlled substance in the second degree. Aaron was one of two passengers in an automobile being driven by Shaver. An anonymous tip, purporting to be from an employee of a Wal-Mart discount department store where Aaron, Shaver, and *1111 Joyce Lawler Shaver, Shaver's wife, had purchased several packages of over-the-counter cold medication containing pseudoephedrine, led to a warrantless stop of Shaver's vehicle. Pseudoephedrine is a "precursor chemical" listed in § 20-2-181, Ala.Code 1975, that may be used in the manufacture of the controlled substance methamphetamine. After the vehicle was stopped, a deputy sheriff saw the packages of the cold medication in "plain view" in the vehicle. Subsequently, Aaron, Shaver, and Joyce Shaver were arrested.
Aaron moved to suppress the evidence of the pseudoephedrine seized from the vehicle and to suppress a statement she made to the arresting officer. Following a hearing, the trial court denied Aaron's motions to suppress.[2] Like Shaver, before pleading guilty Aaron had reserved the right to appeal the issue of the propriety of the trial court's denial of her motions to suppress.[3]
"[A] tip from an anonymous informant could provide reasonable suspicion for an investigatory stop under Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), if the tip was sufficiently corroborated through independent police work." State v. White, 854 So.2d 636, 639 (Ala.Crim.App.2003)(citing Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990)). From the testimony at the hearing, it appears that "Shaver's vehicle was stopped as the result of the telephone call to the police from the Wal-Mart [discount department] store without any intervening police investigation; there is no indication in the record that the police did anything to corroborate the information given in the telephone call from Wal-Mart before stopping Shaver's vehicle." Ex parte Shaver, 894 So.2d at 787.
In Ex parte Shaver, a majority of this Court held:
"[T]he scant evidence provided by [the deputy sheriff] concerning the nature of the Wal-Mart telephone call provides insufficient indicia of reliability to establish the requisite `reasonable suspicion' required under Terry [v. Ohio, 392 U.S. 1 (1968)] for an investigative stop. As explained, no evidence was presented to indicate that any police work preceding the stop in any way corroborated the telephone tip so as to cumulatively provide `reasonable suspicion,' as discussed in State v. White[, 854 So.2d 636 (Ala. Crim.App.2003)]. In the absence of the constitutionally required reasonable suspicion to support the initial stop, none of the evidence gained as a result of that stop or the ensuing detention is properly admissible. Accordingly, the trial court erred when it denied Shaver's motion to suppress the evidence, and the Court of Criminal Appeals erred in affirming the trial court's judgment."
894 So.2d at 792.
By virtue of the fact that Aaron was a passenger in Shaver's vehicle, the same evidence that failed to provide sufficient indicia of reliability required to establish reasonable suspicion for an investigatory *1112 stop in Ex parte Shaver also provides insufficient indicia of reliability required to establish reasonable suspicion with respect to Aaron. Accordingly, Aaron's motions to suppress the evidence of the pills containing pseudoephedrine and the subsequent statement she made to police after the investigatory stop should have been granted.[4] Based on the authority of Ex parte Shaver, we reverse the judgment of the Court of Criminal Appeals and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NABERS, C.J., and SEE, LYONS, HARWOOD, WOODALL, SMITH, and PARKER, JJ., concur.
STUART, J., dissents.
STUART, Justice (dissenting).
I dissented in Ex parte Shaver, 894 So.2d 781 (Ala.2004), and I dissent in this case. I would affirm the decision of the Court of Criminal Appeals.
NOTES
[1] This case was originally assigned to another Justice; it was reassigned to Justice Bolin on January 17, 2005.
[2] Shaver and Joyce Shaver also filed motions to suppress. The trial court held a consolidated hearing on the motions. Accordingly, the transcript of Aaron's hearing on the motions to suppress is identical to the transcript of Shaver's hearing.
[3] Aaron and Shaver also reserved the right to appeal the issue of the constitutionality of § 13A-12-217. However, this Court granted Shaver's petition only as to the issue whether the trial court properly denied his motion to suppress. Likewise, this Court granted Aaron's petition to consider only the issue whether the trial court properly denied Aaron's motions to suppress.
[4] In its brief, the State concludes that because there is no credible basis for distinguishing Ex parte Shaver from Aaron's case, there is no reason to argue for a different result, and, based on Ex parte Shaver, the State concedes that the trial court erred in denying Aaron's motions to suppress.