Argued and submitted August 2, 2006, affirmed April 18, 2007

In the Matter of the Marriage of

Travis STAPLES,
*Petitioner-Respondent,*
*and*

Naomi STAPLES,
*Respondent-Appellant.*

Jackson County Circuit Court
033387D4; A128272

157 P3d 305

Eric A. Kaufman argued the cause and filed the brief for appellant.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge,* and Huckleberry, Judge pro tempore.

HUCKLEBERRY, J. pro tempore.

---

* Wollheim, J., *vice* Linder, J.

## HUCKLEBERRY, J. pro tempore

Wife appeals a judgment of dissolution, contending that the trial court erred in ordering her to pay child support and in ordering spousal support for only three years. Because we find that wife's arguments are not preserved, we affirm.

The parties were married for 10 years and have three children together. Custody of the children was granted to husband. Wife also has a child from a previous relationship, who they raised as husband's daughter. Guardianship of that child was granted to husband. Wife is diagnosed with multiple sclerosis (MS) and borderline personality disorder. Husband was ordered to pay spousal support in the amount of $500 per month for three years. Wife was ordered to pay child support of $242 per month.

In her first assignment of error, wife argues that, in light of her "verified disability," the trial court erred in rebuttably presuming, pursuant to OAR 137-050-0360, that she can work full-time and in imputing to her a gross income of $1,256 per month, or minimum wage.[1] She argues that, in light of the trial court's express finding that, because of her MS and personality disorder, she was "unable to work," the presumption of OAR 137-050-0360 is inapplicable.

At the hearing, wife requested custody of the children. She asserted that she could care for the children and that, if awarded child support and spousal support, she could work part-time. She asked the trial court to find that her income "is the presumed minimum wage." After the trial court granted custody to husband, the court found that, for purposes of the child support calculation, wife's income was

---

[1] OAR 137-050-0360 provides, in part:

"(1) If a parent is unemployed, employed on less than a full-time basis or there is no direct evidence of any income, child support shall be calculated based on a determination of potential income. For purposes of this determination, it is rebuttably presumed that a parent can be gainfully employed on a full-time basis.

"* * * * *

"(3) This presumption does not apply to a parent who is unable to work full-time due to a verified disability[.]"

to be presumed at minimum wage. The following discussion then occurred:

"[WIFE'S ATTORNEY]:   Then, Your Honor, if I could, I would urge you to reconsider your finding of presumed minimum wage in view of the findings that you made. The presumed minimum wage is a presumed amount that could be rebutted in your findings, overwhelmingly rebut that she can make the presumed minimum wage. I would ask The Court then[.]

"* * * * *

"THE COURT:   I think, for purposes of figuring, that we're to presume minimum wage. You can review that with me, if you want. I can consider it one place or the other. I certainly will be considering the finding that mom is not able to work.

"* * * * *

"All right. I'm going to ask the attorneys to do the calculation of the child support and then get in touch with me and we will schedule something. Either we can do it informally, by me just discussing it with the attorneys; or, if you want it on the record, then you need to contact the Court and have it set up.

"* * * * *

"[WIFE'S ATTORNEY]:   [Husband's attorney] will do the Order, I take it?

"THE COURT: Yes. Will you prepare the final judgment?

"[HUSBAND'S ATTORNEY]:   I will.

"THE COURT:   You can't prepare the support part of it unless you agree, until you've done the calculation[.]

"[HUSBAND'S ATTORNEY]:   [Wife's attorney] and I will submit something jointly."

Thereafter, husband's attorney submitted a general judgment, which contained a finding that wife's presumed income was $1,256 per month and which the trial court signed and filed. Wife filed a motion to amend the judgment. The motion did not contain an objection to the finding regarding wife's presumed income. Attached to wife's motion was a

child support worksheet, which stated that wife's gross monthly income was $1,256. The motion to amend was later withdrawn, and this appeal followed.

■     Generally, an issue not preserved in the trial court will not be considered on appeal. ORAP 5.45(1); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). "[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000); *see also Westendorf and Westendorf*, 165 Or App 175, 178, 996 P2d 523 (2000).

Here, wife requested that the trial court reconsider its finding regarding the presumed minimum wage. The court stated that it would consider wife's ability to work. However, the court then stated that it was "going to ask the attorneys to do the calculation of the child support" and that husband's attorney could not prepare the "support" part of the judgment unless the parties agreed. Husband's attorney stated that the parties would submit something jointly, and wife did not object. Under those circumstances, the trial court was entitled to believe that, although wife had raised the issue regarding the presumed minimum wage, she was no longer asserting it. If wife had sought a ruling on the issue, the trial court could have ruled on it immediately and corrected the alleged error. We therefore conclude that, for the purposes of appellate review, wife did not notify the trial court that she objected to the presumed minimum wage and failed to preserve the claim of error.

■     In her second assignment of error, wife argues that the trial court erred in ordering husband to pay spousal support for only three years and for only $500 per month. She concedes that she did not preserve that argument, but asserts that the error is apparent on the face of the record because she "was misinformed of the equitable duration and amount of support she was entitled to," because she is disabled, and because the trial court found that she is unable to work. She asks this court to award indefinite spousal support of $1,200 per month.

At the hearing, along with custody and child support, wife requested spousal support of $600 per month "for a period of from one to five years." The trial court found that:

> "I do believe that [wife] is entitled to a degree of maintenance support, because of the very factors I've just talked about, particularly her situation with her physical disability, and I am going to award spousal support in the amount of $500.00 per month for a period of three years, which is more than a third of the time that the parties were together."

Under the plain error doctrine, if a claim of error is not preserved, we may still consider the error if it is apparent on the face of the record. ORAP 5.45(1). An error is apparent if "the legal point [on which it is based] 'is obvious, not reasonably in dispute.'" *McDuffy and McDuffy*, 184 Or App 359, 364, 56 P3d 449 (2002) (quoting *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990)). Even if an error is apparent on the face of the record, however, it is within our discretion as to whether to review it in a particular case. *McDuffy*, 184 Or App at 364. In deciding whether to exercise our discretion, we consider such nonexclusive factors as the competing interests of the parties, the nature of the case, the gravity of the error, how justice might best be served, whether the error was called to the attention of the trial court in any manner so that it could have been corrected, and whether the policies behind the general rule requiring preservation of error have been served in the case in another way. *Ailes*, 312 Or at 382 n 6. Even in dissolution cases, where we have *de novo* review, we have emphasized the importance of ensuring that the trial court is afforded an opportunity to understand and consider an issue before having it challenged as error on appeal. *Westendorf*, 165 Or App at 178. Under the circumstances, wife's requests did not give the trial court a fair opportunity to consider whether indefinite support at twice the amount actually requested was appropriate. *See id.* at 179. We therefore would not exercise our discretion to review the error, if any.

Affirmed.