Argued and submitted October 25, 2007, affirmed March 19, 2008

In the Matter of the Compensation of
Karen M. Godfrey, Claimant.

FRED MEYER STORES,
*Petitioner,*

*v.*

Karen M. GODFREY,
*Respondent.*

Workers' Compensation Board
0304253; A134247

180 P3d 98

Deborah L. Sather argued the cause for petitioner. With her on the opening brief and the reply brief were Rebecca A. Watkins and Sather, Byerly & Holloway. With them on the supplemental brief was Lance M. Johnson.

Robert F. Webber argued the cause for respondent. With him on the briefs were Arthur W. Stevens and Black, Chapman, Webber, Stevens, Petersen & Lundblade.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

EDMONDS, P. J.

Sercombe, J., dissenting.

## EDMONDS, P. J.

In this workers' compensation case, employer seeks judicial review of the Workers' Compensation Board's order on remand, which held that, because employer had failed to raise an issue on initial board review or judicial review, that issue was not properly before the board on remand. In this judicial review, employer asserts that "[t]he Board abused its discretion by failing to apply its own preservation rule when the Order on Remand imposed an obligation on employer to preserve its argument not only before the hearings division, but also before the Board on initial review" and that the board's order on remand is not supported by substantial evidence. We affirm.

On approximately December 22, 2001, claimant was working as a cashier in employer's store when she was injured. She felt "something snap" in her right wrist as she scanned a two liter bottle of soda. She informed a supervisor of her injury, who then entered the following information into an "Employee Incident Report," a computerized form:

> "[Claimant] was scanning a two liter [bottle] of soda when she felt a pop or tear and [a] burning sensation in her wrist and lower forearm. She has swelling and [a] bump that is * * * not normal. It feels like a deep ache. If the pain gets worse then she will seek medical attention. It is the right arm."

Claimant did not seek medical treatment or make a written claim regarding her injury until February 2003, more than one year after the initial injury. Employer thereafter denied the claim, asserting that claimant had failed to file timely written notice as required by ORS 656.265. Claimant requested a hearing before the hearings division. At the hearing before an administrative law judge (ALJ), employer argued that ORS 656.265 requires (1) that a claimant must provide the employer with written notice of a claim within 90 days after an injury and (2) that the claimant must also file a claim within one year of the injury.[1] Employer explained at the hearing,

---

[1] ORS 656.265 provides as follows:

"(1) Notice of an accident resulting in an injury or death shall be given immediately by the worker or a dependent of the worker to the employer, but

"It's simply our belief that an employee has two obliga-tions. One is to report an incident, and then secondly, actu-ally to pursue a claim within a year of the incident occurring.

"In other words, to take the situation to a logical extreme, an employee can't say that an incident happened and then file a claim two, three, four years later. There are some outside time limits, a statute of limitations, if you would, from the date of the injury and the filing of the notice to the actual beginning of the pursuit of the claim."

The ALJ agreed with employer's first argument and con-cluded that claimant had failed to give timely written notice to employer and did not reach employer's second argument.

Claimant then appealed the ALJ's decision to the board. At the initial review before the board, employer asserted that ORS 656.265 "requires notice of an injury to be

---

not later than 90 days after the accident. The employer shall acknowledge forthwith receipt of such notice.

"(2) The notice need not be in any particular form. However, it shall be in writing and shall apprise the employer when and where and how an injury has occurred to a worker. A report or statement secured from a worker, or from the doctor of the worker and signed by the worker, concerning an accident which may involve a compensable injury shall be considered notice from the worker and the employer shall forthwith furnish the worker a copy of any such report or statement.

"(3) Notice shall be given to the employer by mail, addressed to the employer at the last-known place of business of the employer, or by personal delivery to the employer or to a foreman or other supervisor of the employer. If for any reason it is not possible to so notify the employer, notice may be given to the Director of the Department of Consumer and Business Services and referred to the insurer or self-insured employer.

"(4) Failure to give notice as required by this section bars a claim under this chapter unless the notice is given within one year after the date of the acci-dent and: (a) The employer had knowledge of the injury or death; (b) The worker died within 180 days after the date of the accident; or (c) The worker or beneficiaries of the worker establish that the worker had good cause for failure to give notice within 90 days after the accident.

"(5) The issue of failure to give notice must be raised at the first hearing on a claim for compensation in respect to the injury or death.

"(6) The director shall promulgate and prescribe uniform forms to be used by workers in reporting their injuries to their employers. These forms shall be supplied by all employers to injured workers upon request of the injured worker or some other person on behalf of the worker. The failure of the worker to use a specified form shall not, in itself, defeat the claim of the worker if the worker has complied with the requirement that the claim be presented in writing."

given by the worker (or dependent) to the employer within 90 days of an accident, or, under some circumstances, one year." Other than the quoted sentence, however, employer did not assert its argument made to the ALJ that ORS 656.265 requires a claimant to bring a claim within one year of the injury. The board affirmed the ALJ's order, stating that "[w]e adhere to our prior decisions that notice of a claim under ORS 656.265 must be in writing and that an oral report of an injury that the employer reduces to writing does not comply with the statute." Claimant then sought judicial review in this court.

The issue on judicial review was "whether a claimant who orally reported an injury to her employer gave the notice that is required by [ORS 656.265(1)]." *Godfrey v. Fred Meyer Stores*, 202 Or App 673, 124 P3d 621 (2005), *rev den*, 340 Or 672 (2006). We concluded that such notice was not required to be in writing and remanded to the board for reconsideration. *Id*. On remand before the board, employer asserted the argument, last raised before the ALJ, that claimant was required to bring her claim within one year of her injury and that, because she had failed to do so, employer's denial should be upheld. The board, in response, refused to consider employer's argument on the ground that the issue framed on remand had not been properly preserved before the board, because the issue had not been raised to the board on initial review or to this court on initial judicial review as an alternative ground for upholding employer's denial. The board's ruling, based on lack of preservation, is the subject of the review by this court now.[2]

■   We address initially employer's argument that the board abused its discretion by ruling that employer had not preserved the issue of whether claimant was required to bring her claim within one year of the date of her injury. ORS 656.298(7) governs our standard of review and provides that "[r]eview shall be as provided in ORS 183.482(7) and (8)."

---

[2] Our use of the term "preservation" in this context is distinct from the specific requirements of preservation of error under ORAP 5.45. *See* 218 Or App at 500 n 2. Here, employer was the respondent before the board and was not complaining about any "error" by the ALJ. *See Brewer v. Dept. of Fish and Wildlife*, 167 Or App 173, 181, 2 P3d 418 (2000), *rev den*, 334 Or 693 (2002) (preservation of error principles do not apply to respondent arguing in favor of sustaining trial court ruling).

Because the board purported to exercise its discretion, the applicable standard of review is pursuant to ORS 183.482(8)(b). *See SAIF v. Kurcin*, 334 Or 399, 405, 50 P3d 1167 (2002) (judicial review of the board's exercise of discretion occurs under ORS 183.482(8)(b) rather than ORS 183.482(8)(a)). ORS 183.482(8)(b) provides:

"The court shall remand the order to the agency if the court finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision."

Under ORS 183.482(8)(b)(A), we inquire whether the board's exercise of discretion is outside the range of discretion delegated to the agency by law. We observe that employer does not refer us to any specific statute or rule governing the board's exercise of authority that it claims the board's ruling violates. Indeed, ORS 656.726(5) provides the board with the authority to make rules of practice and procedure in connection with the proceedings before it:

"The board may make and declare all rules which are reasonably required in the performance of its duties, *including but not limited to rules of practice and procedure in connection with hearing and review proceedings* and exercising its authority under ORS 656.278. The board shall adopt standards governing the format and timing of the evidence. The standards shall be uniformly followed by all Administrative Law Judges and practitioners. The rules may provide for informal prehearing conferences in order to expedite claim adjudication, amicably dispose of controversies, if possible, narrow issues and simplify the method of proof at hearings. The rules shall specify who may appear with parties at prehearing conferences and hearings."

(Emphasis added.) It is apparent, therefore, that the board has plenary authority under ORS 656.726(5) to create and enforce rules regarding preservation. Implicit within that

grant of authority is the authority to determine what circumstances will suffice to preserve an issue before the board. It follows that the board did not exercise its authority, in this case, outside the range of discretion delegated to it by law. *See also Mershown v. Oregonian Publishing*, 96 Or App 223, 226, 772 P2d 440, *rev den*, 308 Or 315 (1989) (holding that the legislature has given a broad mandate to the board to prescribe procedural rules for the conduct of hearings).

Because the board's ruling did not violate any statute or rule, we turn to whether the board's ruling was inconsistent with an officially stated position or a prior board practice. Even if such an inconsistency exists, ORS 183.482(8)(b)(B) contemplates that the board's ruling will be upheld if the reason for the inconsistency is adequately explained. In light of the above principles, employer concludes that "[t]he Board abused its discretion by the unsupported and inconsistent holding that employer's preservation of the timely claim defense at hearing was insufficient."

In support of its ruling, the board referred to two fundamental considerations derived from our case law decided under ORAP 5.45.[3] First, for purposes of judicial economy, preservation policy concerns require that the opportunity be given to a lower tribunal to rectify an error in order to avoid an unnecessary appeal. Raising an issue for the first time in the appellate process provides a disservice to that economy. Second, requiring a party to present its issues at each adjudicative level is essential to a fair process for the other parties and participants. In light of those policies, the board ruled, "the employer did not preserve the *claim filing* issue by raising it on initial Board review or before the court. Under these particular circumstances, we decline to consider the issue for the first time on remand because it has not been preserved at all appellate levels." (Emphasis in original; footnotes omitted.) At least one of those policy concerns is at play here: had employer raised its argument that claimant was required to file her claim within a year of the injury to the board on claimant's initial appeal or to this court on judicial

---

[3] The board cited our decisions in *Christensen v. Cober*, 206 Or App 719, 138 P3d 918 (2006), and *J. Arlie Bryant, Inc. v. Columbia River Gorge Comm.*, 132 Or App 565, 889 P2d 383, *rev den*, 321 Or 47 (1995).

review, it is possible that that position would have resulted in an alternative ground for affirming the ALJ's ruling, resulting in no further need for this court or the board to exercise review.

In response to the board's reasoning, employer concedes that "[t]he Board is not formally bound by a statute or administrative rule regarding preservation of issues[,]" but contends that "[w]here parties have raised issues at the hearing level, it is well settled that the Board may reach those issues on its *de novo* review[,]" even if the ALJ has not addressed them. From that premise, employer deduces that it is enough to preserve an issue if the issue is raised before the ALJ. However, employer does not cite any rule, officially stated board position in the board's case law, or prior board practice that is inconsistent with the board's holding in this case. Rather, employer makes what appears to be a policy argument regarding what the board's practice should be.

Moreover, the board's exercise of its discretion in this case is not without precedent. Specifically, in *Judith C. White-Munro*, 54 Van Natta 2116, 2120 (2002), the board declined, on remand, to address an argument not preserved on initial board review or assigned as error on judicial review. Employer recognizes the existence of the board's order in *White-Munro* but seeks to distinguish it on the basis that, in that case, the issue of compensability was raised, but a discovery issue was not preserved. From those facts, employer posits that "[t]he Board's own prior decisions reveal that when the Board finds a failure to preserve, it has done so when only one of two distinctly separate *issues* are raised on review." (Emphasis in original.) Employer argues, in substance, that the only *issue* in this case is the compensability of claimant's injury, an issue that it raised to the ALJ, the board, and this court. Thus, because our case law and the Supreme Court's case law interpreting ORAP 5.45 distinguish between the raising of an issue and the making of an argument—the former being essential for preservation and the latter not—the same distinction ought to apply to the board's own preservation rule.[4] In employer's view, making

---

[4] *See, e.g., Northwest Natural Gas Co. v. Chase Gardens, Inc.*, 328 Or 487, 499-500, 982 P2d 1117 (1999).

such a distinction would result in a conclusion that employer made separate *arguments* along the way, rather than raised separate *issues*. Thus, employer asserts, it preserved the issue before the board on remand.

In our view, employer's arguments ignore the implicit understanding from the standards of judicial review in ORS 183.482(8)(b) that an agency has the authority to establish its own rules regarding preservation and that the parameters of the circumstances suffice to constitute adequate preservation are within the province of the agency creating the standards, so long as those standards do not exceed the grant of authority from the legislature to the agency. *See SAIF v. Donahue-Birran,* 195 Or App 173, 180-81, 96 P3d 1282 (2004) (holding that a plausible interpretation by the Appellate Review Unit of a rule used to assess work-related impairment was entitled to deference); *see also Booth v. Tektronix,* 312 Or 463, 473, 823 P2d 402 (1991) (holding that, when the legislature has delegated authority to an agency to define policy by promulgating rules, a court's review of the board's exercise of that authority is "largely deferential").

■ In light of the broad mandate by the legislature to the board to promulgate its own rules regarding practice and procedure under ORS 656.726(5), we are unable to identify any source of law from which it can be said that the board's application of its preservation rule required it to distinguish its decision in *White-Munro* as a matter of law. Moreover, in light of the deference owed to the board in the creation of its own preservation standards, our own decisions and those of the Supreme Court interpreting ORAP 5.45 are of little if any precedential assistance, because those decisions have a source that is distinct from the authority granted to the board under ORS 656.726(5). For all of the above reasons, we conclude that the board did not abuse its discretion in applying its own rule of preservation in the manner that it did.

Employer also asserts that "[t]he Board's factual finding that employer did not preserve the issue of the timeliness of the claim is not supported by substantial evidence." However, the fact essential to the board's exercise of discretion—that employer did not take the position on initial board review or judicial review that claimant was required to file

her claim within one year of the injury—is undisputed. Moreover, it was within the board's discretion to deem employer's statement before the board that ORS 656.265 requires notice of an injury to be given by the worker to the employer "within 90 days of an accident, or, under some circumstances, one year" to be legally insufficient to notify the board that employer was raising an alternative ground for affirming the ALJ. The board reasonably could have concluded that, in light of the context within which the statement was made, the statement did not adequately apprise the board that employer was relying on alternative grounds for upholding the ALJ's decision.

The dissent disagrees with the above analysis, asserting that "the board abused its discretion in deciding the outcome of the case on the basis of an immaterial principal of preservation of error." 218 Or App at 512. According to the dissent, the board erred by treating the issue as one of preservation of error by relying on preservation of error decisions from this court and its own decisions when the issue is not properly characterized as an issue about preservation, but, rather, an issue about "when a party has an obligation to appeal to the board from an ALJ order in the party's favor and when a party must cross-appeal when the ALJ does not decide an issue." 218 Or App at 511.

The dissent's disagreement appears to be based on the board's use of the word "preservation" and its derivatives to characterize the issue that it was deciding when this court's opinions use the word to refer to different circumstances and rules than the circumstances before the board. The dissent, however, makes an argument for employer that employer does not make. Employer's assignment of error states,

"The Board abused its discretion by failing to apply its own preservation rule when the Order on Remand imposed an obligation on employer to preserve its argument not only before the hearings division, but also before the Board on initial review."

In its summary of argument, employer argues, "The Board erred in finding it insufficient that employer raised its specific timely claim argument at hearing, but not at initial

Board review or before the Court of Appeals. Alternatively, employer preserved the defense of the timeliness of the claim and did not need to detail each argument relevant to that issue." In its supplemental brief, employer writes, "Based on the Board's prior decisions and practices, the opportunity to raise and address an issue at hearing is required to preserve said issue. Under this long established principle, employer has sufficiently preserved the issue of timely claim filing in the present case."

In other words, employer has consistently couched its arguments and the board's ruling throughout this case in terms of "preservation." Adopting the parties' characterization of the issue as one of "preservation," the board stated in its opinion, "Claimant responds that we should not address this argument because the employer did not preserve it on initial Board review." Later in its opinion, the board opined,

> "However, the employer did not preserve the *claim filing* issue by raising it on initial Board review or before the court. Under these particular circumstances, we decline to consider the issue for the first time on remand because it has not been preserved at all appellate levels."

(Emphasis in original.) Eventually, the board concluded, "Although the employer raised a second affirmative defense—timeliness of claim filing under ORS 656.265(4)— in its pleadings (and in closing argument at hearing), it did not preserve the issue on Board review or on judicial review."

It is correct that the issue ruled on by the board, and characterized by it as a "preservation" issue, is not the same kind of "preservation" issue that arises in this court under ORAP 5.45(1) in our review of decisions of lower courts and tribunals. Although "preservation," as we understand the meaning of the term for purposes of ORAP 5.45(1), has a different application than the application used by the board in its decision in this case, nonetheless, the board is entitled to characterize its decision in any manner that it desires for purposes of its own jurisprudence, so long as its characterization does not exceed its authority. That is, because the scope of our review under ORS 183.482(8)(b)(A) is limited to reviewing for an abuse of discretion by the agency of its own authority, we have no authority to dictate to the board what

its rules regarding preservation consist of. As noted above, our case law under ORAP 5.45(1) does not establish the boundaries for the exercise of the board's authority, only the exercise of our review authority. With that understanding in mind, it makes no difference to the outcome of this case that the board has characterized the exercise of its authority as "preservation" in a manner that does not conform to our notion of "preservation."

Affirmed.

**SERCOMBE, J.,** dissenting.

The majority concludes that the Workers' Compensation Board (board) has discretion under its statutory rule-making authority to apply an immaterial preservation of error principle to decide the outcome of this case. I dissent because, in my view, the board should have applied the procedures required by its own statutes and rules to determine if employer waived its affirmative defense. The board's failure to apply those procedures and its choice to apply an immaterial preservation of error principle was an abuse of discretion under ORS 183.482(8)(b)(A). We should remand once again so that the board can interpret and apply its procedural standards on reviewability that applied at the time of its initial review.

To restate the issue, employer raised two affirmative defenses to the claim for compensation that were based on ORS 656.265—that claimant failed to file written notice within 90 days after the injury and that claimant failed to bring a claim within one year of the injury. Those defenses were pleaded and argued to the administrative law judge (ALJ). The ALJ agreed with the notice of claim defense and did not rule on the timeliness of claim defense. Claimant appealed the ALJ's order; employer did not cross-appeal on the ground that the order was correct based on the second affirmative defense. On appeal, the board upheld the denial based on the notice of claim defense and did not address the timeliness of the claim. On further judicial review, this court reversed and remanded, concluding that the notice of claim need not be written.

On remand, employer argued that the second affirmative defense was now material and should be determined by the board. The board found, however, that the defense was not preserved. Relying on cases that require presentation of an issue in a lower tribunal in order to allow consideration by a reviewing authority, the board determined that the second affirmative defense was waived because of employer's failure to raise it before the board as an alternative basis for prevailing on claimant's review proceedings. The board concluded:

> "Here, because the employer did not preserve the affirmative defense of timely *claim filing* on initial Board review and on judicial review, it has not carried its threshold 'burden,' and we decline to address the defense for the first time on remand."

(Emphasis in original; footnote omitted.)

On review of the board's order on appeal, employer claims that the board abused its discretion under ORS 183.482(8) because the question of preservation was immaterial, and the board provided "no case law or policy reason why it would not now be capable of addressing the timely claim argument raised at hearing." ORS 183.482(8) provides our standards of review:

> "(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, the court shall:

> "(A) Set aside or modify the order; or

> "(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

> "(b) The court shall remand the order to the agency if the court finds the agency's exercise of discretion to be:

> "(A) Outside the range of discretion delegated to the agency by law;

> "(B) Inconsistent with an agency rule, an official stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)  Otherwise in violation of a constitutional or statutory provision."

The majority holds that the board did not abuse its discretion in "applying its own rule of preservation" because it "has the authority to establish its own rules regarding preservation and * * * the parameters of the circumstances [that] suffice to constitute adequate preservation * * * so long as those standards do not exceed the grant of authority from the legislature to the agency." 218 Or App at 504. Applying our standard of review under ORS 183.482(8)(b)(A), the majority concludes that the board's "exercise of discretion" to apply its rule of preservation was not "outside the range of discretion delegated to the agency by law," because ORS 656.726(5) confers authority on the board to "make and declare all rules." In deciding the case on that basis, the majority assumes that the rule of preservation adopted by the board was properly applied to dispose of the administrative proceeding.

I agree that the board has broad authority to establish prospective rules regarding preservation of issues in proceedings before an ALJ. I also agree that the board could establish rules governing whether a party not appealing to the board must cross-appeal the order of an ALJ or otherwise raise an alternative, undecided basis for affirming that order if the party wishes to continue to rely on that contention. Where I differ with the majority is on the question of whether the preservation of error principle that the board applied was sufficient to determine the outcome of this case. In my view, it was not, and the board erred in not construing and applying the rules that were applicable at the time of the initial appeal to the board to determine if employer waived its second affirmative defense.

The board treated the issue as one of preservation of error, a principle, sometimes codified, that requires a party claiming error to present an issue to a lower tribunal before the reviewing entity will consider the issue on appeal. The purposes of the preservation requirement imposed as a part of judicial review are to promote fairness to the parties in making and responding to arguments asserted in a case and efficient judicial administration. *Peiffer v. Hoyt*, 339 Or 649,

656, 125 P3d 734 (2005). For example, ORAP 5.45(1) formalizes the requirement of preservation of error in the Oregon appellate courts:

"No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, provided that the appellate court may consider an error of law apparent on the face of the record."

The application of that preservation of error principle to board proceedings would require a party to raise an issue before the ALJ in order to claim to the board that the ALJ erred in deciding that issue. The purposes of such a preservation requirement would be to allow full record-making and argument about the issue before the ALJ and the opportunity for resolution of the contention by the ALJ without need for board review. That preservation prerequisite would apply to any party appealing to the board who claims that the ALJ erred. Applying that preservation principle in the case at bar, if the ALJ had allowed employer's first affirmative defense and denied its second affirmative defense and *both* parties had appealed, claimant would have needed to preserve its contention that the claim was not barred by the first affirmative defense and employer would have needed to preserve its contention under the second affirmative defense.

The board found that this preservation principle applied in the previous proceedings and determined the outcome of the current matter before the board, relying on decisions of this court relating to appellate court review and on a single board order. The board cited and relied on *Fraser v. LCDC*, 206 Or App 735, 738, 138 P3d 932 (2006) (petitioner's preservation of claimed error by administrative agency in considering exhibit for purposes of appellate court review); *Christensen v. Cober*, 206 Or App 719, 726, 138 P3d 918 (2006) (appellant's preservation of claimed error by trial court in withholding exhibit from jury for purposes of appellate court review); *Wahlgren v. DMV*, 196 Or App 452, 457-58, 102 P3d 761 (2004) (petitioner's preservation of claimed error by ALJ in not deciding right to counsel issue for purposes of circuit court review); *Marvin Wood Products v. Callow*, 171 Or App 175, 184, 14 P3d 686 (2000) (the "party

seeking affirmative relief on appeal or review must identify an error in the decision * * * [and] the party who prevailed at an initial level of adjudication is entitled to rest on that resolution"); *Westendorf and Westendorf,* 165 Or App 175, 178, 996 P2d 523 (2000) (appellant's preservation of claimed error by trial court in improperly dividing pension assets for purposes of appellate court review); *Judith C. White-Munro,* 54 Van Natta 2116 (2002) (petitioner claimant's preservation of claimed error by ALJ on discovery violation for purposes of workers' compensation board review).

To whatever extent the board relied on those precedents in shaping its conclusion on preservation of error, the cases establish only that a party seeking to change the result of an agency or court decision has an obligation to present a claim to the lower tribunal in order to preserve that claim as a basis of review by a court or agency. The cases do not discuss different reviewability questions—the ones pertinent to this proceeding—such as when a party has an obligation to appeal to the board from an ALJ order in the party's favor and when a party must cross-appeal when the ALJ does not decide an issue.

The so-called "preservation" principle applied by the board here has nothing to do with any procedural requirement to appeal a decision in the party's favor or to separately appeal an undecided issue. The board determined that employer did not preserve a claim of error when it failed to argue to the board an undecided and alternative basis for denying claimant's claim. Preservation principles concern the obligation of an appellant or petitioner on review to raise a contention with the lower tribunal in order to preserve that contention for review. Here, employer was not the party appealing the board's order; it did not seek to change the result of the ALJ's order. Employer did not claim error. Moreover, preservation principles relate to review of a decision by the lower tribunal. The ALJ did not decide the merits of employer's second affirmative defense. There was nothing to review.

The majority opinion explains that the board did not apply any preservation of error principle to reject employees'

contentions on the merits, at least "the same kind of 'preservation,' * * * as we understand the meaning of the term for purposes of ORAP 5.45(1)." 218 Or App at 506. I disagree that the board did not apply that kind of preservation principle. After all, it cited and relied only on cases discussing only that policy. I conclude that the board applied that preservation of error principle *wrongly*, not that it did not apply it at all. If the board did not apply a preservation of error principle, as we understand the meaning of the term, then what principle *did* it apply and was that application correct? Putting aside the red herring issue of whether the board is "entitled to characterize its decision in any manner that it desires," 218 Or App at 506, what policy or principle did the board use to decide this proceeding? Was it that an employer has to raise all issues not decided by the ALJ in any appeal by a claimant to the board or that an employer waives the right to raise any of those issues thereafter? Does that policy apply to a claimant as well? Does it apply to policies decided in an employer's favor when review is sought by a claimant?

Because I cannot tell what "not-really-preservation" principle was applied by the board, I cannot determine if the application of that policy or rule is "outside the range of discretion delegated to the agency by law" under ORS 183.483(8)(b)(A). That is precisely what employer complains about in its brief in contending that the board provided "no case law or policy reason why it would not now be capable of addressing the timely claim argument raised at hearing."

Thus, the board abused its discretion in deciding the outcome of the case on the basis of an immaterial principle of preservation of error. In order to determine whether employer's timeliness of claim defense was waived by failure to seek review, the board must apply the reviewability standards that existed at the time that the initial intra-agency appeal was filed. ORS 656.289 and ORS 656.295 regulate the process of board review of an ALJ order. ORS 656.289(3) explicitly allows a cross-review when review of an ALJ order is obtained. The board has an administrative rule on cross-appeals. OAR 438-011-0020. ORS 656.295(5) provides that board review is "based upon * * * such oral or written argument as it may receive." If the board determines that a case

"has been * * * incompletely * * * developed or heard," it may remand the case to the ALJ for "necessary action." *Id.*

Those standards may or may not decide the issue of whether employer's defense was waived by its failure to assert the defense in the initial board appeal. That issue is not before the court. The interpretation and application of those standards is a matter of agency discretion in the first instance. What is before the court is whether the board's use of an immaterial principle of preservation to decide the waiver issue, instead of potentially relevant statutes and rules that applied at the time, was an abuse of discretion under ORS 183.482(8)(b)(A). I respectfully dissent from the majority's conclusion that the board's generic rulemaking authority under ORS 656.726(5) gives the board discretion to apply immaterial or unknown legal principles instead of applicable statutes and rules to determine the outcome of a proceeding before the board.[1]

---

[1] Given my conclusion that the procedural rule applied by the board was immaterial, it is not necessary to address whether the board could adopt a rule of procedure through a contested case order under ORS 656.726(5) or whether the board could apply a newly adopted procedural rule retroactively in order to determine the outcome of a proceeding under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.