WINDOM, Presiding Judge,
dissenting.
The State did not argue in the circuit court that the vehicle in which George Willie Pollard was traveling was properly stopped because the driver of the vehicle had an outstanding warrant for his arrest. Instead, the State argued only that a computer message from “Meth Alert” provided reasonable suspicion to stop Pollard.[7] *834 Therefore, I do not believe that the issue upon which the majority reverses the circuit court’s judgment was preserved for this Court’s review. Accordingly, I respectfully dissent.
This Court has repeatedly held that “ ‘[arguments not specifically raised before the trial court are waived and are not preserved on appeal.’ ” Lang v. State, 766 So.2d 208, 211 (Ala.Crim.App.1999) (citing Goodson v. State, 540 So.2d 789, 791 (Ala.Crim.App.1988)). Thus, “[i]t is well settled that this Court will not reverse a trial court’s judgment based on arguments not presented to it.” Fluker v. Wolff, 46 So.3d 942, 951 (Ala.2010) (citing Lloyd Noland Hosp. v. Durham, 906 So.2d 157 (Ala.2005)). In fact, “[t]his Court cannot consider arguments raised for the first time on appeal; rather, our review is restricted to the evidence and arguments considered by the trial court.” Andrews v. Merritt Oil Co., 612 So.2d 409, 410 (Ala.1992).
Here, the State did not argue in the circuit court that the vehicle in which Pollard was traveling was properly stopped because the driver of the vehicle had an outstanding warrant for his arrest; therefore, the State waived that argument. Accordingly, the issue upon which the majority reverses the circuit court’s judgment is not properly before this Court and should not be considered. The majority, however, states that “[bjecause ... we review the circuit court’s application of the law to the facts in this case de novo, see Worthy [v. State ], 91 So.3d [762,] 765 [ (Ala.Crim.App.2011) ], and that fact was squarely presented to the circuit court, the argument is properly before this Court for review.” 160 So.3d at 831 n. 3. Although the fact relied upon by the majority is contained in the record, the State did not rely on that fact and did not raise any argument relating to that fact in the circuit court.
Further, to the extent the majority holds that de novo review excuses the State’s waiver of the argument it presents on appeal, I believe that the majority “confuses the concepts of waiver and de novo review.” Matter of Kroner, 953 F.2d 317, 319 (7th Cir.1992). As the United States Court of Appeals for the Seventh Circuit aptly explained:
“The waiver doctrine merely determines which arguments are properly preserved for consideration on appeal while the de novo standard of review refers to the appellate court’s fresh look at the way the trial court applied the law to the facts of the case. The law is clear, an issue not preserved for appeal is simply not reviewable regardless of the standard of review.”
Kroner, 953 F.2d at 319. Stated differently, “[t]he fact that [a cause] is subject to, de novo review does not mean that the rule [of preservation] applies with any less force than it does in other cases.” In re Marriage of Westendorf, 165 Or.App. 175, 178, 996 P.2d 523, 525 (2000). See also Fischer v. Fischer, 348 S.W.3d 582, 590 (Ky.2011) (holding that de novo review does not excuse a party’s failure to preserve the argument raised on appeal); State v. Garrett, (No.2000CA115, June 1, 2001) (Ohio App.2001) (not selected for publication in the North Eastern Reporter ) (“Appellate courts review the issue de novo, but any error that the trial court committed when it ruled on that question *835 must be preserved for appellate review.”). Consequently, regardless of whether appellate review is for an abuse of discretion or de novo, a party seeking to have a circuit court’s decision overturned must have properly preserved the argument upon which it seeks relief on appeal.
Here, the State did not argue that the stop resulting in Pollard’s arrest was proper based on an outstanding warrant for the driver; therefore, this argument was waived and is not properly before this Court for review. I do not believe that this Court should reverse the circuit court’s judgment based on an argument that was waived. Consequently, I respectfully dissent.

. I do not believe that the circuit court erroneously determined that the "Meth Alert” failed to provide reasonable suspicion to stop Pollard. The "Automated Notification Re *834 port” stated that "[a]ll reported hits should always be confirmed with the reporting Pharmacy.” (C. 29.) Here, " ‘there is no indication in the record that the police did anything to corroborate the information given [in the alert] ... before stopping [Pollard].’ " Ex parte Aaron, 913 So.2d 1110, 1111 (Ala.2005) (quoting Ex parte Shaver, 894 So.2d 781, 787 (Ala.2004)). Therefore, the circuit court did not err in holding that the alert was insufficient to establish a reasonable suspicion that criminal activity was afoot.